# Dwight G. Holland v. Jesse Hoyt.

*Promissory note. Evidence. Want of consideration.* An action was brought on certain promissory notes. The defendant, under a proper notice, offered to prove that a verbal contract had been made for the exchange of lands, and that defendant, upon assurances that it would be carried out, had sold the land he so purchased; that defendant executed and delivered his deed to the plaintiff who accepted it, and then executed his deed for the land to be given in exchange, and sent it to his agent with instructions not to deliver the same until the defendant should pay or give his notes for $1000, on the alleged ground that the deed embraced more land than he had understood was to be conveyed, and that this was the value of such excess. The defendant thereupon being obliged to have the land to carry out his own bargain, executed the notes sued upon under protest, and took the deed. The Court below excluded the testimony. *Held*, to be error, and that such testimony was admissible, as tending to prove want of consideration. There was nothing in such testimony tending to prove a compromise.

*Equitable title. Consideration.* An equitable title is just as much property as a legal title, and although not in all respects enforcible in a Court of Law, is recognized in all courts as a valid consideration for an agreement.

*Statute of Frauds.* There is nothing in the Statute of Frauds which precludes recovery for the price of land actually conveyed, whether the agreement for the price is written or verbal.

*Estoppel—Agent.* The acts of an agent whose authority is not valid under the Statute of Frauds cannot estop his principal unless actually adopted by him.

*Heard October 27th*, 1865.    *Decided April 24th.*

Error to Saginaw Circuit.

The facts are stated in the opinion.

*Webber & Smith,* for plaintiff in error.

1. No parol authority could authorize Mott to bind Hoyt by negotiation for a sale of lands.—2 *Comp. L.* § 3179.

The delivery of the deed by Holland to Hoyt can make no difference. If Hoyt refused to carry out a proposed bargain, except for a further consideration, it was at the option of Holland to pay such further consideration, or to resort to his bill for a specific performance, if he had performed on his part.—1 *N. H.* 65.

This cannot be considered as a technical "exchange" within the common law. If so claimed, it would be void, as never consummated.—2 *Bl. Com.* 323.

2. Inadequacy of consideration is not in itself any defense

to an action on the notes given by Holland.—5 *Pick.* 380-4; 21 *Wend.* 588; 1 *Starkie,* 51.

Compromises are favored in law, and courts will not disturb them. An adverse claim of right is a good consideration for a promise.—4 *Met.* 270; 2 *Mich.* 148; 2 *Doug. Mich.* 344; 8 *Vt.* 141; 10 *A. & E.* 323, 309.

3. In this case there is a written contract, signed and delivered—a promise to pay the amount of the notes. It is now alleged by way of defence that the notes were obtained by a *species* of duress. That although he signed the notes, knowing all the facts, without any fraud or concealment on the part of the other party, yet the contract was quite another thing from what appears on the face of the notes. Such a defence cannot succeed.—44 *Me.* 496; 2 *Pars. on Bills and Notes,* 501, 502, 503, 508; 1 *Cow.* 249; 1 *Greenl. Ev.* §275-7; 8 *Greenl.* 213; 24 *Me.* 566; 11 *Mass.* 27; 11 *Pick.* 417; 1 *Denio,* 400; 12 *Met.* 275; 5 *Mich.* 204, 218.

Duress of goods is no defence.—6 *M. G. & Scott,* 596; 11 *A. & E.* 983; 3 *M. & W.* 633, 650.

*John J. Wheeler,* for defendant in error.

1. The Statute of Frauds has no application to the case.

It was a parol contract for the exchange of lands, which had been executed by mutual conveyances, and the case is only an inquiry into the consideration, which is not required to be in writing.—2 *Comp. L.* § 3180; 17 *Mass.* 122; 5 *Cranch,* 142.

2. Where a contract of sale has been brought to a conclusion, the liability of the vendee cannot be carried beyond the stipulated price by an express promise of an additional sum, though put in the form of a promissory note.—22 *Wend.* 470; 13 *Johns.* 257; 2 *Barb.* 420; 19 *Pick.* 387; 3 *McLean* 330; 6 *Exch.* 839, *note;* 2 *Seld.* 369; 25 *Vt.* 386; 4 *Denio,* 52.

In this case the contract was consummated. Holland had deeded, and had fulfilled the parol contract on his side, and all that remained to be done on the other, was to pay the con-

sideration agreed upon, which in this case was to deed other lands. Such a case will enable the recovery at law · of the contract price, and the defence that his promise to pay is not in writing, in other words the "Statute of Frauds," will be no defence.—2 *Kern.* 364; *Brown on the Statute of Frauds*, §§ 117, 126; 1 *Cush.* 82; 6 *Vt.* 383; 14 *Conn.* 119; 20 *Johns.* 338; 10 *Wend.* 436; 12 *Mass.* 514.

The consideration agreed upon was a deed of lands by Hoyt, which he refused to pay without a deduction of the price; this is the legal effect.

It cannot be claimed that Hoyt did not know of the agreement, because he kept Holland's deed, and sent his own to be delivered, and gives as a reason for demanding the notes in question, not that he wanted a new agreement, but that he was paying more for Holland's land than he supposed, and ought to get it for less.

3. He is estopped from claiming this deduction in the price of Holland's land.

By his assurances he induced Holland to so place himself that he could not be restored to his former position.

Hoyt obtained Holland's deed by agreeing to convey the very land, the deed for which he delivered, after exacting in addition to the agreement, the notes in question—induced Holland to bind himself to convey the same land to a third party, by assurances that he should have it to convey, and that the agreement would be carried out; and Holland having acted upon this assurance, and bound himself, and so being placed by Hoyt in a position where he could not re-instate himself in his former position; and Hoyt having accepted and kept Holland's deed, is concluded and estopped, and cannot make any subsequent claim, a legal consideration for a promise to pay Hoyt a sum of money, by way of enabling Hoyt to get the land of Holland for less consideration, by taking advantage of Holland's position in which he had placed him.— 3 *Hill*, 219; 2 *Smith's L. C.* (4th ed.) 562 *et seq.*; 2 *Pars. on Con.* 340.

HOLLAND *v.* HOYT.

This doctrine is good, even as to contracts relating to land, and which would otherwise be within the Statute of Frauds. —2 *Am. L. C.* (4*th ed.*) 684, 756, 762; 15 *Ohio* 248; 2 *Smith's L. C.* (5*th ed.*) 651; 2 *Washb. on R. P.* 460; 28 *Me.* 127; 40 *Id.* 348.

CAMPBELL J.

Hoyt sued Holland on promissory notes for $1000, to which the latter pleaded, and offered to show want of consideration. Having proved that they were given on an exchange of lands, the negotiation for which began with Hoyt and was also partially conducted with an agent, one C. B. Mott, the defendant below then offered to prove the following state of facts: That Hoyt had verbally authorized Mott to negotiate for an exchange of lands, and a bargain was closed with him; that when it was closed Holland told Mott he was negotiating a sale of the property coming to him, and, not having a deed, wanted some assurance that his bargain with Hoyt would be carried out, and Mott assured him it was all right, and the deed would be given, and he might go on with his trade with the other party; that Holland, relying on this, made a contract in writing with the other party to convey him the land coming from Hoyt. That he then deeded his own land to Hoyt, and Hoyt received it with a deed to be executed back to Holland of the land coming to Holland. That Hoyt kept the deed executed by Holland, and executed the deed to Holland, and sent this last back to Mott, instructing him not to deliver it until Holland paid $1000, or gave his notes to that amount. Hoyt claimed that the deed to Holland embraced more land than he had understood was to be conveyed, and insisted the $1000 should be paid for the excess. Holland having become liable to convey the premises to his vendee, gave the notes in controversy, protesting that Hoyt had no right to exact them.

The Court below refused to allow this proof to be given, and the refusal was excepted to.

14 MICH.—Y.

The objections to the testimony were based on the Statute of Frauds, and also upon the ground that the existence of a dispute was of itself sufficient to form a consideration for a compromise.

We see no foundation for this last objection. There was nothing in the offer tending to prove a compromise. The notes were given under protest, and for the full amount claimed· by Hoyt as the price of the excess of land which he alleged he was deeding. It is very far from true that every dispute will form the basis of a promise to pay to settle it. In this case there is no pretense of a compromise.

The objections arising out of the Statute of Frauds require more attention. The entire transaction prior to the deeds was verbal, and of course, if no deeds had been made, could not have been the ground of relief at law or in equity. But when a verbal contract is performed by the conveyance of land on the one part, there can be no difficulty in compelling the equivalent from the other contracting party. A Court of Equity can decree specific performance, if that is needed, and a Court of Law can allow a recovery of the purchase money, if that is all that is sought.—*Thomas v. Dickinson*, 2 *Kern.* 364.

If Mr. Hoyt himself accepted Holland's deed in fulfillment of a parol bargain to exchange lands, then Holland could have compelled the exchange in equity, and Hoyt could not have refused to make it. And if Holland had a right to receive the land from Hoyt, for the price already paid, it can make no difference that he could only obtain specific performance in equity. Paying or promising to pay anything more for the land, would be paying for what he owned already. An equitable title is just as much property as a legal title, and although not enforced directly in a Court of Law, stands on the same footing with legal titles as a consideration. And if Holland under such circumstances should see fit to sue for the price of his land at law, on Hoyt's refusal to convey, he would recover the value of that which Hoyt ought to have conveyed to him.

·THE PEOPLE *v.*· SACKETT.

The offer of the defendant was, in effect, to show that he had conveyed his land under a parol agreement accepted by Hoyt, and that the latter after obtaining his deed from defendant, refused to perform on his own part, until he had exacted an additional price. The evidence was we think admissible. When the facts all appear, the defence may or may not show Hoyt bound to convey. But there is nothing in the Statute of Frauds which precludes recovery for the price of land actually conveyed, whether the agreement for the price is written or verbal. In the present case the land has been conveyed on both sides, and the only question is whether one parcel fully paid for the other. This must depend upon the facts attending the transaction.

It was claimed as an independent defence that, by inducing defendant to contract for the sale of the land coming to him from Hoyt, the latter was estopped from refusing to convey to him. As Mott had no written authority from Hoyt, his assurance could not bind him any more than his contracts. They stand in this case on exactly the same footing. The defence must all depend on Hoyt's own conduct, and not on Mott's, except so far as the former made it his own by his acts.

The judgment must be reversed, with costs, and a new trial granted.

COOLEY and CHRISTIANCY JJ. concurred.

MARTIN CH. J. I concur that a new trial should be granted.