## Jesse Scott v. Jonathan T. Bush.

*Agreement for purchase of lands: Statute of frauds: Stipulated damages.* A verbal agreement for the purchase of lands, with a stipulation that money paid down may be retained as stipulated damages if the purchaser fails to complete the bargain, is all a single contract, and void under the statute of frauds.

*Statute of frauds: Purchase of lands: Forfeiture.* The agreement for a forfeiture is as much within the statute as the other stipulations, and all must stand or fall together.

SCOTT *v.* BUSH.

*Consideration : Money had and received : Possession.* Money so paid may be recovered back as paid without consideration, where there is no possession given, so as to take the case out of the statute.

*Heard January 13. Decided January 17.*

Error to Jackson Circuit.

*Gibson & Wolcott,* for plaintiff in error.

*Johnson & Montgomery,* for defendant in error.

CAMPBELL, J.

This case presents the single question, whether a person who has made a verbal arrangement with another to purchase land of him, and has paid money with a stipulation that he may retain it if the purchaser fails to complete the bargain, can recover back the money, where the vendor is willing and offers to convey.

It is necessary to consider on what grounds the holder of the money can claim to hold it. It cannot be held as in any way analogous to a gift. It is delivered upon condition, to be held in case of a failure to perform an expected act, but, in case of performance, to be applied towards the full price of land. It cannot, then, be put upon any other ground than that of an agreement, involving rights and obligations on both sides, and a forfeiture upon the default of the party paying over the money.

This agreement is an agreement for the purchase and sale of lands; and the stipulation for a forfeiture of the deposit is the agreed penalty, or, more properly, the stipulated damages, for its breach. If the contract is valid the forfeiture is valid, as it is not claimed to be unreasonable; but if the contract is not valid, then no part of it can be enforced, without leading to confusion and contradiction.

Under our statutes every contract for the sale of lands is void, unless the contract, or some note or memorandum

of it, is in writing, and signed by the vendor, or his agent lawfully appointed in writing.—*2 Comp. L., 1871*, § *4694.* The law does not require the purchaser to sign the agreement, and he is liable, therefore, upon the written contract, though his own assent is verbal.—*Holland v. Hoyt, 14 Mich., 238.* The statute does not require the consideration to be set forth in writing, but allows it to be proved otherwise.—§ *4695.*

The validity of part performance, as taking contracts out of the statute so as to authorize their specific performance, is also declared.—§ *4696.*

The only consideration for the agreement of the purchaser to forfeit his deposit in this case, was the verbal promise of the vendor to convey. No possession was given of the land, and no act whatever was done by the vendor. The payment of the deposit was not such an act of part performance as would, under any of the authorities, authorize the purchaser to demand a specific performance.

There was, then, no consideration whatever for his agreement, and it gave him no rights against the vendor. The arrangement, therefore, was in no sense a contract, and he was not bound by it. Until both parties are brought into binding relations, their dealings have no effect. They can only be regarded as preliminary negotiations, which confer no rights.

They cannot, therefore, be made binding thereafter, by any attempt of a single party to force a contract on the other. If there was no contract already in existence, the subsequent assent of both was as necessary as if they had never negotiated. A party who has never become bound, cannot be held by any but his own agreement. And the cases which intimate that one party cannot retract, if the other is willing to perform, give to the arrangement all the effect of a solemn contract, and enable agreements to b

made as well as enforced, at the will of one of the parties, without any concurrence of the other.

We have held in *Chamberlain v. Dow, 10 Mich. R., 319; Hall v. Soule, 11 Mich. R., 494; Holland v. Hoyt, 14 Mich. R., 238;* and *Grimes v. Van Vechten, 20 Mich. R., 410,* that a contract void under the statute of frauds, is a mere nullity, and cannot be used for any purpose whatever. And we cannot conceive of such a thing as a contract which cannot be enforced as a contract, and yet can be the foundation of legal obligations arising out of nothing else.

The decisions which have been made in several states refer, for their authority, chiefly to some early decisions in New York. The brief report in *Dowdle v. Camp, 12 J. R., 451,* rested the refusal to allow the purchase money to be recovered back from a vendor willing to perform, on the ground that equity would compel performance in favor of the purchaser. And the same doctrine was held in *Abbott v. Draper, 4 Denio R., 51,* where the purchaser's possession was more distinctly relied on. And in *Rice v. Peet, 15 J. R., 503,* and *Thayer v. Rock, 13 Wend., 53,* it was said that there could be a recovery back of money paid, where there were no such exceptional circumstances. And in *Duncan v. Baird, 8 Dana, 101,* where a payment had been made in a specific article, and not in money, the court held that there was no room for even an implied assumpsit, and that the action should be replevin or trover, for the chattels withheld.

Some decisions have apparently disregarded this distinction between contracts, made valid by part performance, and stipulations or arrangements, which have never become binding. An agreement made valid by part performance, is, in law, as valid as in equity, for all purposes except the remedy to enforce it. An equitable right is as good a consideration for a contract as a legal right.—*Holland v.*

*Hoyt, 14 Mich., 238.* Had the plaintiff in this case obtained possession from the defendant, under the verbal arrangement, the contract would have been taken out of the statute, and would not have been void. But as the case stands, we cannot see why, if the willingness of the vendor to convey, entitles him to keep money paid and agreed to be forfeited, he would not equally be entitled to enforce a promise to pay a like sum, on the same conditions. There is no middle ground between binding contracts, and the absence of any binding obligation.

, We think the court below erred in refusing to allow a recovery, and that the judgment should be reversed, with costs, and a new trial granted.'

The other Justices concurred.