ANNEUS HILLEBRANDS, EXECUTOR OF SETH NIBBELINK v. HENRY NIBBELINK.

*Statute of limitations—Claim against estate—Account stated— Measure of damages—Pleadings—Evidence.*

On appeal from the rejection of a claim by commissioners on an estate, the declaration must conform to the claim and the bill of particulars.

A son made a claim against his father's estate for the amount of earnings which he had paid over to his father, and for certain outlays on his behalf. One item of the earnings had accrued so long ago as to be outlawed if standing alone, but it was averred to have entered into an account stated within the period of limitation. *Held* that if set up as a single demand not reduced by mutual credits, it would be barred, but if properly declared on, it might be shown to have belonged to a series of open dealings which were not closed until within the period of limitation.

A verbal promise to pay an old debt does not renew it so as to take it out of the statute of limitations, if it is not kept open by mutual dealings.

A son had a claim against his father, and the father verbally promised to give him a certain farm but did not do so. The son sued the father's estate for the amount of his claim. *Held* that he could not show the value of the farm as a measure of damages, since a verbal promise to convey land is void.

In a suit to recover outlays for building, the estimates of witnesses who had some means of knowledge, are admissible in the absence of primary written evidence, to show what the outlays amount to.

In a suit for claims that entered into an account stated, evidence of claims that arose afterwards is irrelevant.

Error to Ottawa. Submitted April 11 and 15. Decided April 24.

Assumpsit. Defendant brings error.

*Edwin Baxter* for plaintiff in error. If an agreement to convey is void under the statute of frauds, it cannot be the foundation of a claim for the value of the property, or evidence of indebtednes, *Scott v. Bush*, 26 Mich., 418; *Chamberlain v. Dow*, 10 Mich., 319; *Hall v. Soule*, 11 Mich., 494; *Grimes v. Van Vechten*, 20 Mich., 410; *Stevens v. Fuller*, 4 Mich., 390; Comp. L., §§ 4714, 4715; as to the liability of one's estate for a claim brought against it for money paid him by his son, see *Updike v. Titus*, 2 Beas. (N. J. Eq.), 151; *Davison v. Davison*, id., 246; *Weir v. Weir*, 3 B. Mon., 645; *Bash v. Bash*, 9 Penn. St., 260; *Defrance v. Austin*, id., 309; *Zerbe v. Miller*, 16 Penn. St., 488; *Lynn v. Lynn*, 29 Penn. St., 369; *Duffey v. Duffey*, 44 Penn. St., 399; *Swires v. Par-*

*sons*, 5 W. & S., 357; *Candor's Appeal*, id., 513; *Shirley v. Vail*, 38 How. Pr., 406; *Andrus v. Foster*, 17 Vt., 556; *Fitch v. Peckham*, 16 Vt., 150; *Robinson v. Cushman*, 2 Den., 149; *Williams v. Hutchinson*, 3 N. Y., 312; *Bowen v. Bowen*, 2 Bradf., 336; *Dye v. Kerr*, 15 Barb., 444; *Cropsey v. Sweeney*, 27 Barb., 310; *Wilcox v. Wilcox*, 48 Barb., 327; *Kelly's Estate*, 1 Tuck., 28; *Cooper v. Turner*, 2 Hun, 515; *Van Kuren v. Saxton*, 3 Hun, 547; *Fisher v. Fisher*, 5 Wis., 472; *Kaye v. Crawford*, 22 Wis., 320; *Hall v. Finch*, 29 Wis., 278; *Pellage v. Pellage*, 32 Wis., 136; a promise of a gift or legacy cannot be made a valid claim against an estate, *Jones v. Tyler*, 6 Mich., 364; *Taylor v. Staples*, 8 R. I., 170; *Campbell v. Campbell*, 21 Mich., 438; *Willard v. Magoon*, 30 Mich., 273; *Osborn v. Guy's Hospital*, 2 Strange, 728; 2 Redf. on Wills, 232.

*Angel & Soule* and *E. S. Eggleston* for defendant in error.

CAMPBELL, C. J. Henry Nibbelink, the defendant in error, presented certain claims against the estate of his father, Seth Nibbelink, which were rejected by the commissioners, but allowed on appeal to the circuit court for Ottawa county, from which error is brought into this court. These claims consisted chiefly of earnings paid by Henry into the family stock, and services rendered to his father, and various outlays. The earliest items were for his wages in an establishment known as the Plugger Mills, in 1865, 1866, 1867 and 1868, alleged to have amounted to over $1,500. The claim filed averred this to have entered into an account stated in 1873, when it is claimed the decedent agreed to convey to Henry a farm known as his Vriesland farm, in Ottawa county— the parties living in Holland in the same county. This farm having been sold by Seth Nibbelink, a claim is set up for the proceeds,—set up as $3,600.

The other items claimed are money paid out for

building a house, claimed at $1,090, and labor amounting to $75.

Henry lived with his father until some time in 1873, when by reason of disagreements between their wives he left, and a settlement was had which became somewhat important on the trial. A written instrument was executed by Henry, which as translated consists first of an acknowledgment of the receipt of two horses and their harness and appurtenances, one wagon and whatever belonged with it, one cow, one bed and its belongings, one bedstead, six chairs, one table, one stand, five pieces of pork, one piece of meat, one bag of corn, two bags of oats, one-half ton of hay, three cords of wood, six chickens, one rooster, two chains. These he acknowledged to have received for labor done up to that time. The witnesses testified that at the same time his father promised that he should have the Vriesland farm, but when he was to have it,—whether before or at his father's death, and whether it was wholly or only in part in recompense for his services and aid to his father—is not agreed upon or made very clear.

His brother Jacobus had obtained another farm, partly, at least, as a gift, and there was some testimony indicating that the farm to be given to Henry was also in part a donation.

The father died testate and gave Henry nothing but a nominal legacy.

Several questions are presented on the record and reference will be made to such as are material.

Testimony was introduced for the purpose of showing the earnings at the Plugger mills, and this was allowed to go to the jury as a cause of action. Objection was made to it as barred by the statute of limitations, and also that it was not covered by any proper averment in the declaration.

If properly declared on, it might possibly have been shown to have belonged to a series of open dealings

which were not closed until within six years before the father's death. *Carter v. Carter*, 36 Mich., 207. It was claimed that all of Henry's earnings went into the hands of his father while they lived together, and it could not, until all the proofs were in, be known how far any such items, if proven, would be barred.

But under the claim made before the commissioners and the bill of particulars with which the declaration must be made to conform, it is doubtful whether this item can be regarded as averred as a ground of action. It is set up as resting in a mutual or open account which was settled in 1873. If it was set up as a single demand not reduced by mutual credits, it would very clearly have been barred. There is undoubtedly some ground for construing the claim in the probate court as embracing the whole amount of these earnings as having been unpaid, and merely liquidated in 1873, when it is alleged Seth promised to pay the debt by a conveyance of the Vriesland farm. A verbal promise in 1873 to pay this old debt, if not kept open by mutual dealings, would not have renewed it so as to save the statute. Comp. L., § 7160. There was no evidence whereby the amount due in 1873 could be got at so as to identify this item, or any others if there was any settlement of mutual demands. And we think the basis of the claim intended to be relied on was the promise to pay whatever was then settled upon, whatever may have been its origin.

This leads to another chief question in the trial. We have discovered nothing to determine what was the amount supposed to be due Henry in 1873, except as it may be supposed to be measured by the value of the Vriesland farm, and it seems probable that the jury acted upon this as furnishing the only tangible measure of damages.

The agreement to convey the farm was void under the statute of frauds. To allow the value to be used for any purpose in evidence would be practically to

enforce this void contract. *Colgrove v. Solomon*, 34 Mich., 494. There was no testimony whatever from which it can be inferred that the parties estimated either the value of the farm or the value of the indebtedness, or compared them. It was error to allow this matter to be laid in any form before the jury.

The outlays of Henry within six years before his father's death in building were properly admissible, and the proof of the value was made by the estimates of a witness who had some means of knowledge. In the absence of any written evidence of a primary character we think this was admissible.

No demand for labor prior to 1873 is made in the claim on file, and all evidence of it was therefore irrelevant. It seems moreover to have been settled by the receipt of 1873.

Several minor questions of evidence were raised which will not probably arise again, and therefore we pass them by. The chief difficulty seems to have arisen from disregarding the form of the claim sued on. The charges complained of come within the same observation.

Judgment must be reversed with costs and a new trial granted.

The other Justices concurred.