ANNIE B. SUTTON ET AL., EXR'S v. MARTIN V. B. ROWLEY.

*Parol agreement for transfer of land.*

An unwritten agreement to pay for work by giving a conveyance of land is void under the statute of frauds, and cannot be considered in measuring damages, or for other purposes.

Error to Hillsdale.   Submitted June 10.   Decided June 23.

APPEAL from award of commissioners on an estate.   The estate brings error.   Affirmed.

*J. S. Galloway, A. Dickerman* and *George A. Knickerbocker* for plaintiffs in error.

*Edwin J. March* and *Ezra L. Koon* for defendant in error.

CAMPBELL, J. Rowley presented and established before the commissioners appointed to determine claims against the estate of Robert B. Sutton, deceased, a demand of $500 for superintending and completing certain hydraulic works. This claim was affirmed on appeal and is brought before us on error. The only questions insisted upon on the argument relate to an agreement between Sutton and Rowley to pay for the work by the conveyance of a lot of land. Several different propositions were presented and discussed, but we do not think it necessary to consider them. There is no claim that this agreement was in writing, and there is nothing to indicate that it could be enforced as a parol agreement on account of facts taking it out of the operation of the statute of frauds.

The case therefore comes within the principles of *Scott v. Bush* 26 Mich. 418; *Colgrove v. Solomon* 34 Mich. 494; and especially of *Hillebrands v. Nibbelink* 40 Mich. 646.

There being nothing in the record to indicate that the agreement differs from any other parol agreement concerning lands, it was void and cannot be considered in measuring damages or for any other purpose, and Rowley was entitled to the value of his work.

The judgment must be affirmed with costs.

The other Justices concurred.