## CHARLES SMELLING v. ELI VALLEY.

*Landlord and· tenant—Parol lease—Statute of frauds—Part per-formance—Tenancy at will—Summary proceedings.*

A tenant, whose term had expired, agreed with the purchaser of the leased premises, in consideration of their continued occupancy by him for two years, to clear seven acres of the land during the spring of the year in which the agreement was made. The tenant, within the time specified, cleared a portion only of the seven acres, and, in summary proceedings by the purchaser to recover possession of the land by reason of such default, instituted on seven days' notice, the tenant insisted that the contract, being verbal, was within the statute of frauds; that, complainant not being bound beyond one year, defendant could not be held to pay for two years' occupancy; and that he was therefore a tenant at will, and entitled to the notice required to terminate such a tenancy. And it is held that, under the circumstances, the tenant could have enforced the agreement by a resort to equity; that it does not lie with him to say that he is not bound to pay the consideration agreed upon as a condition to his continued occupancy, even though such payment included compensation for a term which he might be compelled to resort to a court of equity to obtain, as long as· the purchaser was ready to perform the agreement on his part.

Error to Muskegon. (Dickerman, J.) Submitted on briefs October 10, 1894. Decided January 22, 1895.

Summary proceedings to recover the possession of land. Defendant brings error. Affirmed. The facts are stated in the opinions.

*Boyd & Sullivan,* for appellant.

*Turner, Turner & Turner,* for complainant.

MONTGOMERY, J. This was a summary proceeding to recover possession of land for non-payment of rent. Com-

plainant had demanded the payment, as the jury must have found under the instructions of the court, and, on the defendant's refusal to make payment, had served the the seven-days notice to quit provided by How. Stat. § 8295. The defendant having failed to vacate within the seven days, this proceeding was instituted.

The evidence which the jury followed showed that complainant bought the land with defendant in possession;[1] that defendant stated to complainant that he had no contract for further occupancy of the land from complainant's predecessor in title; that thereupon it was agreed by parol that defendant should clear up and fit for cultivation seven acres of land, during the spring of 1893, in time for spring crops, and that, in consideration of this, he should be privileged to occupy the land for two years. Defendant failed to make the clearing agreed upon, and this failure was followed by the demand and notice above referred to.

If the parties were bound by the terms of the agreement, there could be no doubt that the jury were justified in finding for complainant. *Judd v. Fairs*, 53 Mich. 518. But it is insisted that the contract was within the statute of frauds; that complainant could not be bound beyond one year; and that, if this was so, defendant could not be held to be bound to pay the consideration for two years' occupancy, and that, therefore, he must be held a tenant at will.

It is undoubtedly a general rule that an agreement void under the statute of frauds is void in all its parts, and cannot be considered for the purpose of assessing damages, and is not good as fixing the consideration. *Sutton v. Rowley*, 44 Mich. 112; *Raub v. Smith*, 61 Id. 543; *Wardell v. Williams*, 62 Id. 50. But, in this case, defendant

---

[1] The deed is dated April 6, 1893.

had entered upon the performance of his contract, and was occupying the land under it, and had made a portion. of the clearing agreed upon.    Under such circumstances,. he could have enforced the parol agreement by a resort to equity.   See Wood, Landl. & Ten. §§ 201, 202, and cases cited.   See, also, *Davis v. Strobridge*, 44 Mich. 157.   It. would be against the direct agreement of the parties to substitute a tenancy. from year to year or a tenancy at. will for the one agreed upon between the parties.   We think it does not lie with the defendant to say that he is. not bound to pay the consideration which was agreed upon. as a condition to his continued occupancy, even though that payment included compensation for a term which he might be compelled to resort to a court of equity to obtain, as long as the complainant stood ready to perform the contract upon his part.

The judgment will be affirmed, with costs.

LONG and GRANT, JJ., concurred with MONTGOMERY, J..

HOOKER, J. (*dissenting*).   It is conceded that the defendant is in possession of premises under a parol lease. for two years.   The parties agree that the consideration for this lease was the defendant's promise to clear two parcels of land.   They disagree as to the time it was to be done; the complainant asserting that the land was to be. cleared during the spring following the making of the lease, and the defendant claiming that it was to be done during the term of two years.   The work not being done in accordance with complainant's claim, he began summary proceedings after a notice to surrender the premises within seven days after service.   The jury evidently believed the complainant.

If it be conceded that this was a good notice, under subdivision 2 of section 8295, How. Stat. (and it seems not to be questioned), it leaves this case to turn upon the

character of the defendant's occupancy. If the defendant was a tenant at will, he was entitled to three months' notice; if he can be said to have been a tenant for years, a notice to quit or pay rent within seven days was all that the law required.

It is contended that this contract was within the statute of frauds, and therefore void for all purposes, under the rule laid down in the cases of *Sutton v. Rowley*, 44 Mich. 112; *Raub v. Smith*, 61 Id. 543; *Wardell v. Williams*, 62 Id. 50; *Chamberlain v. Dow*, 10 Id. 319; *Hall v. Soule*, 11 Id. 494; *Holland v. Hoyt*, 14 Id. 238; *Grimes v. Van Vechten*, 20 Id. 410; *Hillebrands v. Nibbelink*, 40 Id. 646; *Niles Water Works v. City of Niles*, 59 Id. 311. An examination of these cases will disclose that most of them involved contracts in relation to personal property and labor. This rule does not apply to cases where lands have been leased for a period of more than a year at an annual rent, and possession has been taken, and rent paid. In such case the lessee is considered as tenant from year to year. *Doe v. Bell*, 5 Term R. 471; *People v. Rickert*, 8 Cow. 226; *Clayton v. Blakey*, 8 Term R. 3; *Reeder v. Sayre*, 70 N. Y. 180; *Laughran v. Smith*, 75 Id. 205; Wood, Landl. & Ten. § 23, and note; *Morrill v. Mackman*, 24 Mich. 286; *Schneider v. Lord*, 62 Id. 141; *Huntington v. Parkhurst*, 87 Id. 44.

In this case it was stated that the rent was not payable annually, but was all payable at once, according to the complainant's theory. The rule is that the agreement regulates the tenancy "in every other respect" than duration. *People v. Rickert*, 8 Cow. 231; 1 Cruise, Dig. 261; *Schuyler v. Leggett*, 2 Cow. 663. The case of *People v. Rickert* was similar to this one, being a letting for four years, for which the tenant was to inclose the demised premises in fence, by way of rent. 8 Cow. 227. It differed, however, from this case in one particular, viz.,

that the rent was fully paid, *i. e.*, the work was all done, during the first year. This point does not seem to have been especially noticed, and there was perhaps no occasion for it; for, if the tenant saw fit to pay the rent for the full term of four years, it may be plausibly said that the lessor could not complain. But where, as here, the rent has not been paid, and from its nature cannot be said to be apportionable within the fairly reasonable intent of the parties, the lease must fall as well in the matter of rent as duration. The theory upon which the law treats a parol lease for a longer period than one year as a term from year to year is that from the agreement a mutual understanding is inferable that the hiring should be for a year, and the rent annual. *Laughran v. Smith*, 75 N. Y. 209. Where the lease clearly negatives this last, as where it is payable monthly, the intent is allowed to govern, and the lease still stands as one for a year; but where the service, by way of rent, is indivisible, or not to be performed within a year, there is no room for such inference. Indeed, the contrary distinctly appears. So that the lease itself is without the reservation of any valid rent. The demise, then, has nothing to support it under the lease.

But counsel suggest, in substance, that this lease can still be held a valid lease for a year, and that the law will imply a promise to pay the fair rental value annually. To so hold would be to say that the writing should bind one and not the other. We think it would be like any other *nudum pactum*. Perhaps the occupancy would entitle the lessor to remuneration, but it would be because of the occupancy, and not by reason of the agreement. The difficulty in implying such promise is the fact that the parties made another and inconsistent agreement. *Dwight v. Cutler*, 3 Mich. 566; *Peters v. Gallagher*, 37 Id. 407; *Hough v. Comstock*, 97 Id. 14, and cases cited.

There is, in my opinion, no escape from the conclusion that the defendant was a tenant at will, and entitled to the statutory notice of three months, and that the judgment should be reversed. See *Huyser v. Chase,* 13 Mich. 98.

McGRATH, C. J., concurred with HOOKER, J.