BENNETT *v.* KNOWLES.

1. STATUTE OF FRAUDS—CONTRACTS RELATING TO LANDS—PART PERFORMANCE.

An oral contract for the exchange of lands, whereby one of the parties agrees to reduce an incumbrance on the land conveyed by him, is taken out of the statute of frauds by the execution and delivery of deeds, so as to render enforceable a subsequent promise in writing to deliver possession, and to reduce the incumbrance pursuant to the oral agreement.

2. CONTRACTS—CONSIDERATION.

An agreement in form: "I hereby agree to give B. possession of said property in L. when she gives possession of said property in S., and also to make the mortgage to $2,000, the same as my deed,"—executed after a delivery of deeds in exchange of land, and in accordance with the terms of a parol agreement therefor, signed by the promisor, is supported by a sufficient consideration, and is binding upon the promisor.

Error to Jackson; Peck, J. Submitted November 11, 1896. Decided December 18, 1896.

*Assumpsit* by Lucina Bennett against Ezra S. Knowles for damages growing out of a contract for an exchange of lands. From a judgment for plaintiff, defendant brings error. Affirmed.

*F. A. Lyon* (*Fellows & Chandler*, of counsel), for appellant.

*Lewis M. Powell*, for appellee.

HOOKER, J. The plaintiff and defendant exchanged real estate. The bargain was oral, and the plaintiff alleges that, as a part of the consideration, the defendant promised to pay the excess over $2,000 upon a mortgage then upon the property conveyed by him to the plaintiff. A quitclaim deed was given to the plaintiff, but when she ascertained that the mortgage had not been reduced as promised, and was being foreclosed (which defendant had concealed), she refused to give possession of the property conveyed by her to said defendant until he should pay said sum, alleging that he had deceived her. She claims that he thereupon gave her a writing, wherein he promised to "pay" said mortgage "down to the $2,000," and to put her in possession of the farm, when she should give him possession of the Stony Creek place. The following is a copy:

"JUNE 6, 30, '87.

"I hereby agree to give Lucina Bennett possession of said property in Liberty when she gives possession of said property in Stony Point, and also to make the mortgage to two thousand dollars, as same as my deed.

"E. S. KNOWLES."

This he failed to do, and the plaintiff brought this action to recover the amount of such excess, and damages for the use of the farm; in which she found others had

possessory rights. The jury found a verdict for the plaintiff, and the defendant has appealed.

It is claimed on behalf of the defendant that the original contract, being oral, was within the statute of frauds, and, not being in writing, was therefore void; that this agreement to reduce the mortgage was, in effect, agreeing to perfect title,—*i. e.*, to enlarge the rights of Mrs. Bennett, the plaintiff, in the real estate conveyed by quitclaim deed; and that, moreover, it was a promise to pay the debt of another, inasmuch as Knowles did not give the mortgage, but only took the land subject to the mortgage theretofore existing. The writing was objected to because it did not contain the entire bargain, and because it was not signed by both parties, and for want of consideration. The answer to all this is that, if the oral contract made in the first instance was void under the statute of frauds, when both parties conveyed the land by deed, leaving nothing for the defendant to do but to pay the money agreed to be paid, and give the possession agreed in writing to be given, it became valid, and, if the money agreed to be paid had been payable to the plaintiff, she could have brought her action to recover it, but, inasmuch as the promise was to pay the sum to another, her remedy was an action for the breach of the contract. The fact that the effect of such payment was to lessen the amount of a lien upon the land was unimportant. See *Holland* v. *Hoyt*, 14 Mich. 238.

The paper writing, if it was given, was valid. Each party performed the oral agreement in part. Plaintiff gave her deed, and defendant gave his. She declined to give possession until he bound himself in writing to pay the excess over $2,000 existing as an incumbrance, and to give her possession. This writing is no more without consideration than a promissory note for the money would be, and there was no more occasion for the plaintiff's signature upon it. It was a conditional promise, the consideration for which he had already received. The proposition that this promise to pay was void because

it was an undertaking to pay the debt of another is without merit. It is elementary that an original promise to pay the existing debt of a third party, where based upon a present consideration, is not within the statute of frauds. It has been so held repeatedly in this State, and there is probably no State in which it is not the rule. But, if it were otherwise, the promise is in writing, and therefore not within the statute.

This covers the substance of the points involved, and we do not think it profitable to discuss the cases cited by counsel, as they are not applicable to the state of facts before us, the contract apparently being fully executed upon both sides, except in the particulars complained of, for which the jury seem to have found that the plaintiff held the defendant's written obligation.

The judgment is affirmed.

LONG, C. J., GRANT and MONTGOMERY, JJ., concurred. MOORE, J., did not sit.