PAYNE *v.* JONES.

FRAUDS, STATUTE OF—ORAL CONTRACT UNENFORCEABLE IN ABSENCE
OF PROOF OF PART PERFORMANCE.

An oral contract by a father and stepmother to will to
their daughter all of their property of which they died
possessed, in consideration for her services in caring for
them, is unenforceable in the absence of proof of such
part performance by the daughter as to take said contract
out of the statute of frauds (3 Comp. Laws 1915, §
11979).[1]

Appeal from Lapeer; Williams (William B.), J.
Submitted January 9, 1925.   (Docket No. 68.)   Decided April 3, 1925.

Bill by Mabel Payne against George W. Jones, executor of the last will of Eliza Riley, deceased, and
others for the specific performance of a land contract.
From a decree dismissing the bill, plaintiff appeals.
Modified and affirmed.

*William E. Barrett* (*Glenn L. Hollenbeck*, of counsel), for plaintiff.

*Elmer Shumar*, for defendants.

SHARPE, J.   The plaintiff is a daughter of Joshua
Riley, who died at Imlay City, in Lapeer county, on
August 22, 1921.   His wife, Eliza Riley, the stepmother of plaintiff, died at the same place on September 14, 1923.   She left a will, which was duly admitted
to probate.   Her estate consisted of a home in that
city, of the value of about $3,000, and money and
household effects of the value of about $500.   Plain-

---

[1]Frauds, Statute of, 27 C. J. §§ 170, 404.

On right to recover value of services rendered in consideration of contract to convey or devise property, which is void by
the statute of frauds, see note in 37 L. R. A. (N. S.) 639.

230—Mich.—17.

tiff was bequeathed $100. The balance of the estate was given to the defendants Leighton, her nephew and his wife. Soon after the will was admitted to probate, plaintiff filed the bill of complaint herein, alleging that she had lived with and worked for Mr. and Mrs. Riley for many years before her marriage, and had continued to look after and care for them after her marriage, at their request, and that—

"it was understood and agreed between the Rileys and your petitioner that your petitioner should be willed all the property both real and personal of which they died possessed."

She alleged performance on her part, and prayed that the defendant executor be ordered to execute and deliver a deed of the real estate and to turn over to her all the personalty of which Eliza Riley died possessed. The defendants answered, denying any knowledge of such an agreement, and leaving plaintiff to her proofs thereof. The trial court held, if plaintiff was entitled to any relief, it was in a court of law. From the decree entered dismissing the bill plaintiff appeals.

A number of witnesses called by plaintiff testified to declarations made by both Joshua and Eliza that plaintiff was to have the property left by them at their death. There was no proof of the contract except as thus established.

One witness testified that Mrs. Riley said to her in 1920:

"Joshua and I have made an agreement with Mabel that when we get through with what we have it will be hers."

We are of the opinion that the agreement, even if held to be sufficiently established, is unenforceable under the statute of frauds (3 Comp. Laws 1915, § 11975). Section 11979 provides that section 11975 shall not be construed—

"to abridge the powers of the court of chancery to compel the specific performance of agreements, in cases of part performance of such agreements."

The record is very unsatisfactory as to the service rendered by plaintiff for her father and stepmother. She was married in 1914, and some little time before that had left the home and worked in Detroit. The Rileys at that time lived on a farm near Manistique.    They afterwards removed to Imlay City. She assisted in waiting on both of them during their last illness.    It is clear that there was no such performance as would take the case out of the statute. *Peckham* v. *Balch,* 49 Mich. 179; *Grindling* v. *Rehyl,* 149 Mich. 641 (15 L. R. A. [N. S.] 466) ; *Weiland* v. *Stielau,* 221 Mich. 40.    *Bassett* v. *Publication Society,* 215 Mich. 126 (15 A. L. R. 213), relied on by plaintiff, is clearly distinguishable.

The decree may be modified, at the option of the plaintiff, to provide that the bill is dismissed without prejudice.    To this defendants' counsel in open court consented.    Defendants will have costs.

MCDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.