COLONIAL BRICK CO. *v.* ZIMMERMAN.

1. FRAUDS, STATUTE OF—EQUITY—ESTOPPEL.
   Where party asks court of equity to enforce contract for his benefit, he is estopped from claiming it is invalid under the statute of frauds to disadvantage of other party.

2. SAME—CONTRACT VOID IN PART WHOLLY VOID—SEVERABILITY—MECHANICS' LIENS.
   Contractor claiming that provision for part payment by assignment of land contracts rendered building contract invalid under statute of frauds is not entitled to mechanic's lien, since contract is inseverable, and, if void, is wholly void, although provisions are in alternative, to pay money or convey land.

3. ACTION—VOID CONTRACT—QUANTUM MERUIT.
   Contractor who built house under void contract may recover for his services on *quantum meruit* but not on contract.

4. HUSBAND AND WIFE—ESTATES BY ENTIRETIES—MECHANICS' LIENS.
   Without valid written contract, signed by husband and wife, contractor building house on premises held by entireties may not have lien (3 Comp. Laws 1929, § 13102).

5. FRAUDS, STATUTE OF—MECHANICS' LIENS—DISMISSAL—OFFER TO PERFORM.
   Where contractor seeking to enforce mechanic's lien claims that contract is void under statute of frauds because of provision for part payment by assignment of land contracts, bill ordinarily should be dismissed, but, because of owner's offer to perform, contractor is given option to accept, with lien for balance due.

Appeal from Wayne; Jayne (Ira W.), J. Submitted October 29, 1931. (Docket No. 159, Calendar No. 35,644.)   Decided December 8, 1931.

Bill by Colonial Brick Company, a Michigan corporation, against Charles Zimmerman and others to

foreclose a mechanic's lien. Cross-bill by John Sipos against Joseph Soltesz and another to foreclose a lien. Decree for cross-plaintiff. Cross-defendants appeal. Modified and remanded. ·

*Harry Cohen* (*Arthur S. Nichols* and *John Sklar,* of counsel), for appellants.

*Daniel P. Cassidy,* for appellee Sipos.

FEAD, J. The action is to foreclose mechanics' liens. The issue here is between defendants Soltesz and Sipos. Sipos had decree.

Soltesz and wife were tenants by the entireties in a lot. Soltesz and Sipos, a building contractor, negotiated for two weeks about constructing a house on the lot. Soltesz did not have enough money to finance it, as Sipos knew, but was willing to build if Sipos would take two land contracts, each at $1,000, in part payment. Sipos knew that his obtaining the building contract depended on his agreeing to take the land contracts as payment. He inspected the lands covered by them and agreed to take them. He had a construction contract drafted by a real estate agent of his choice, which was signed by himself, Soltesz and wife, by which Soltesz agreed to pay him $5,200 to construct the house, payable as follows:

"Upon the completion of basement, $1,000; when roof is on building, $1,000; when plastering is on, $1,000; or its equivalent in the assignment of a lot contract; upon the completion of building, $1,200; and $1,000 equity in a lot contract to be assigned to the contractor.

"It is fully understood and agreed that the lot contracts to be assigned shall be accepted as the equivalent for the money or the money may be paid instead of assigning the said contracts but in no

event shall the building and alterations exceed the sum of $5,200 unless agreed upon by all parties hereto and made a part hereof in writing."

The first two payments of $1,000 were made in money. The house was completed. Sipos was offered the land contracts in part payment of the balance, refused them and demanded cash.

In cross-bill, Sipos set up the building contract in full, claimed the balance due him thereon, and prayed a lien. Some months after the testimony was taken, he filed an amended cross-bill again setting up and claiming under the building contract but averring that its provisions relative to payment by land contracts were void under the statute of frauds (3 Comp. Laws 1929, § 13411) because of insufficient description and identification of the land contracts and premises. He was given lien for the whole contract balance.

Soltesz contends that Sipos cannot raise the defense of the statute of frauds, but, if he may, and it is sustained, the whole contract is void and Sipos is not entitled to a lien. However, he does not seek to avoid payment of his just debts but is willing to perform his contract.

Upon the pleadings, the applicable rule is that where a party asks a court of equity to enforce a contract for his benefit, he is estopped from claiming it is invalid under the statute of frauds (3 Comp. Laws 1929, § 13411) to the disadvantage of the other party. *Thompson* v. *Hurson,* 201 Mich. 685; *Starkweather* v. *Bentley,* 247 Mich. 503.

If, however, Sipos be given another election and he claim the contract was invalid, he is not entitled to a lien. The contract is inseverable and, if void, is wholly void, *Scott* v. *Bush,* 26 Mich. 418 (12 Am. Rep. 311); *Raub* v. *Smith,* 61 Mich. 543 (1 Am. St.

Rep. 619); *Jefferson* v. *Kern,* 219 Mich. 294; *DeBeerski* v. *Paige,* 36 N. Y. 537, although the provisions are, in the alternative, to pay money or convey land. *Patterson* v. *Cunningham,* 12 Me. 506; *Mather* v. *Scoles,* 35 Ind. 1; *Andrews* v. *Broughton,* 78 Mo. App. 179; *Howard* v. *Brower,* 37 Ohio St. 402. Sipos may recover for his services on the *quantum meruit* but not on the contract. *Sutton* v. *Rowley,* 44 Mich. 112; 37 L. R. A. (N. S.) 639, note; Ann. Cas. 1913 A, 288, and note. Without a valid written contract, signed by husband and wife, he cannot have a lien upon the premises held by the entireties. 3 Comp. Laws 1929, § 13102.

The decree awarding Sipos a lien must be reversed. Ordinarily his cross-bill would be dismissed, but because of Soltesz's offer the contract may be treated as valid and an option of 15 days be extended to Sipos to accept the land contracts in payment thereunder and for lien for the balance due him. If the option is accepted, Soltesz will, of course, be entitled to credit for the sums he has paid to keep the land contracts alive, subsequent to the dates they should have been taken as payments. The decree will be modified in accordance with this opinion, and, in case the option is accepted, will provide for remand to the circuit court for an accounting of credits to Soltesz and for final amount of lien with costs of both courts to him.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.