### THORBAHN *v.* WALKER'S ESTATE.

1. Witnesses—Evidence as to Matters Equally Within Knowledge of Deceased—Failure to Object—Waiver.

Testimony in own behalf by one who presented claim against an estate *held*, improperly received even though without objection, since administrator cannot waive the provisions of statute barring testimony of opposite parties as to matters equally within the knowledge of deceased (3 Comp. Laws 1929, § 14219).

2. FRAUDS, STATUTE OF—AGREEMENT TO DEVISE INTEREST IN LAND—PRECEDENT CONSIDERATION.

An agreement to devise an interest in land though founded on a precedent valuable consideration, is within the statute of frauds (3 Comp. Laws 1929, § 13411).

3. SAME—PART PAYMENT—DEVISE OF REALTY AND PERSONALTY.

Part payment of the purchase price will not alone take an oral agreement to devise real and personal estate by will out of the statute of frauds (3 Comp. Laws 1929, § 13411).

4. SAME—PAYMENT IN FULL—DEVISE OF REALTY.

Payment in full is not sufficient performance as will take an agreement to devise realty out of the statute of frauds (3 Comp. Laws 1929, § 13411).

5. SAME—ENFORCEABILITY OF ENTIRE PROMISE PARTLY WITHIN AND PARTLY NOT WITHIN.

Where promise is entire and is partly within, and partly not within, the statute of frauds, the whole contract is unenforceable unless the requirements of the statute are complied with (3 Comp. Laws 1929, § 13411).

6. SAME—VOID AGREEMENT MAY NOT BE USED TO MEASURE DAMAGES OR FIX CONSIDERATION.

An agreement, void under the statute of frauds, cannot be considered for the purpose of measuring damages, fixing consideration, or for any other purpose (3 Comp. Laws 1929, § 13411).

7. SAME—VOID AGREEMENT TO DEVISE REAL AND PERSONAL ESTATE—TOLLING STATUTE OF LIMITATIONS.

Claimed oral agreement on part of one now deceased to leave portion of his real and personal estate to his sister, void under the statute of frauds, *held,* insufficient to toll the statute of limitations as to claim against estate for money loaned, services performed and property turned over to deceased (3 Comp. Laws 1929, §§ 13411, 13984).

Appeal from Wayne; Campbell (Allan), J. Submitted October 11, 1934. (Docket No. 75, Calendar No. 38,035.) Decided December 10, 1934.

Frances Thorbahn presented her claim in probate court against the estate of Charles M. Walker, de-

ceased. From denial of claim, plaintiff appealed to circuit court. Verdict and judgment for plaintiff. Defendant estate appeals. Reversed and judgment ordered entered for defendant.

*Derham & Derham* and *George H. Anderson,* for plaintiff.

*Leo R. Schaefer, Thomas P. Thompson* and *Lizzie J. McSweeney,* for defendant.

POTTER, J. Charles M. Walker died intestate June 2, 1932, leaving, according to the inventory and appraisal of his estate on file in the probate court, cash in the sum of $90,780.26 and real estate appraised at $25,525. Commissioners on claims were appointed by the probate court of Wayne county. No claim was presented by plaintiff until after December 10, 1932, the date of the last meeting of the commissioners on claims. Plaintiff presented a claim dated December 17, 1932, against the estate as follows:

For breach of contract to make a will giving
    claimant one-fifth of his estate upon his
    death in return for moneys loaned and
    services rendered to said Charles Martin
    Walker and property turned over to said
    Charles Martin Walker by said Frances
    Thorbahn, his sister.................$100,000
For moneys loaned, services rendered, prop-
    erty turned over to said Charles Martin
    Walker upon his agreement to make will
    reimbursing said Frances Thorbahn by
    making will in her favor, as follows:
    Money loaned, and interest..............$5,000
    Services rendered, and interest........... 2,500

             Total......................$7,500

January 25, 1933, plaintiff's claim was disallowed by the commissioners on claims.  February 14, 1933, a notice of appeal and bond on appeal were filed in the probate court.  April 22, 1933, an exemplification from the record from the probate court was filed in the circuit court.

On the first trial of the case in the circuit court the jury disagreed, but on the second trial plaintiff had verdict and judgment for $17,500.  Defendant appeals, claiming plaintiff's claim is barred by the statute of limitations (3 Comp. Laws 1929, § 13984); the agreement relied upon was contrary to the statute of frauds (3 Comp. Laws 1929, § 13413); without consideration; the circuit court had no jurisdiction to hear plaintiff's claim on appeal from the probate court, such claim having been filed in the proceedings of the probate court seven days after the date of the last hearing on claims; the trial court should have directed a verdict for defendant; the court erred in refusing to admit in evidence correspondence between plaintiff's attorney and the commissioners on claims; the court was in error in deciding, in the absence of testimony, a 25 per cent. dividend would be paid upon the amount of money impounded in defunct banks; in charging the jury, if it found for plaintiff, to find an amount between $14,500 and $20,500, defendant contending no valid contract between plaintiff and decedent was proved; and plaintiff's proof failed to make out a case.

Plaintiff testified in her own behalf, without objection, that she received a pension of $30 a month for three or four years after her father died and that she gave that pension to her brother Charles; she worked two years at home after she was 14 years of age without pay, and that after two years she went to Detroit and worked in Scotten's tobacco factory about two years, perhaps a little more; she received

$560 or $565 from the estates of her father and mother; she claims some of her money was used to keep the family going while she was living at home; and her brother Charles handled the money. There was other testimony on the part of her husband and son tending to sustain the agreement which she alleged in her claim.

1. The testimony upon the part of plaintiff as to matters equally within the knowledge of the deceased was improperly received, *McHugh* v. *Dowd's Estate*, 86 Mich. 412; *Ripley* v. *Seligman*, 88 Mich. 177; *Harper* v. *Corcoran*, 166 Mich. 474; Perkins' Evidence by Survivor, p. 199, and the administrator could not waive the provisions of the statute (3 Comp. Laws 1929, § 14219) by failing to object thereto.

2. Plaintiff claims $100,000 damages for breach of contract upon the part of Charles M. Walker to make a will giving her one-fifth of his estate upon his death in return for moneys loaned and services rendered to him and property turned over to him by plaintiff.

The agreement claimed was an oral agreement alleged to have been made by Charles M. Walker, deceased, in his lifetime, to leave her one-fifth of his estate both real and personal. An agreement to devise an interest in land though founded on a precedent valuable consideration is within the statute of Frauds (1st Ed.), p. 405; 27 C. J. pp. 208, 209, Statute of Frauds (5th Ed.), § 263; Wood Statute of Frauds (1st Ed.), p. 405; 27 C. J. pp. 208, 209, and cases cited. This is the rule in England (*Humphreys* v. *Green*, 10 Q. B. D. 148, C. A. [48 L. T. 60]; *Maddison* v. *Alderson*, 8 App. Cas. 467 [49 L. T. 303])—and in Michigan (*Willard* v. *Shekell*, 236 Mich. 197; *Payne* v. *Jones*, 230 Mich. 257).

Part payment of the purchase price will not alone take the case out of the statute of frauds. *McMurtrie* v. *Bennette,* Harr. Ch. 124; *Scott* v. *Bush,* 26 Mich. 418 (12 Am. Rep. 311); *Colgrove* v. *Solomon,* 34 Mich. 494; *Murphy* v. *Stever,* 47 Mich. 522.

Payment in full is not sufficient performance as will take an agreement to devise realty out of the statute of frauds. *Willard* v. *Shekell, supra; Windiate* v. *Leland,* 246 Mich. 659.

Where a promise is entire and is partly within, and partly not within, the statute of frauds, the whole contract is unenforceable unless the requirements of the statute are complied with. 7 Halsbury's Laws of England, § 792; *Thomas* v. *Williams,* 10 B. & C. 664 (109 Eng. Rep. 597); *Mechelen* v. *Wallace,* 7 Ad. & El. 49 (112 Eng. Rep. 389); *Harman* v. *Reeve,* 18 C. B. 586 (139 Eng. Rep. 1500); *Vaughan* v. *Hancock,* 3 C. B. 766 (136 Eng. Rep. 307). This is the rule in Michigan. *Payne* v. *Jones, supra; Willard* v. *Shekell, supra.*

The agreement alleged and proven by plaintiff is void under the statute of frauds.

3. An agreement void under the statute of frauds cannot be considered for the purpose of measuring damages or for any other purpose. *Stevens* v. *Tuller,* 4 Mich. 387; *Chamberlain* v. *Dow,* 10 Mich. 319; *Hall* v. *Soule,* 11 Mich. 494; *Holland* v. *Hoyt,* 14 Mich. 238; *Grimes* v. *Van Vechten,* 20 Mich. 410; *Detroit, Hillsdale & Indiana R. Co.* v. *Forbes,* 30 Mich. 165; *Colgrove* v. *Solomon, supra; Hillebrands* v. *Nibbelink,* 40 Mich. 646; *Sutton* v. *Rowley,* 44 Mich. 112; *Raub* v. *Smith,* 61 Mich. 543 (1 Am. St. Rep. 619); *Wardell* v. *Williams,* 62 Mich. 50 (4 Am. St. Rep. 814); *Smelling* v. *Valley,* 103 Mich. 580.

"A contract which is void under the statute of frauds cannot be used for any purpose." *Raub* v. *Smith, supra.*

"An agreement void under the statute of frauds is void in all its parts, and cannot be considered for the purpose of assessing damages, and is not good as fixing the consideration." *Smelling* v. *Valley, supra.*

"We have held in *Chamberlain* v. *Dow,* 10 Mich. 319; *Hall* v. *Soule,* 11 Mich. 494; *Holland* v. *Hoyt,* 14 Mich. 238; and *Grimes* v. *Van Vechten,* 20 Mich. 410, that a contract void under the statute of frauds is a mere nullity, and cannot be used for any purpose whatever. And we cannot conceive of such a thing as a contract which cannot be enforced as a contract, and yet can be the foundation of legal obligations arising out of nothing else." *Scott* v. *Bush, supra.*

If the agreement relied upon is void, it cannot constitute a waiver of the statute of limitations. Plaintiff's claim arising from the claimed original loan of money and her claim for services rendered and for property claimed to have been turned over by her to Charles M. Walker, now deceased, were clearly barred by the statute of limitations, and the alleged oral agreement is not sufficient to toll the statute.

As this disposes of the case, the other errors assigned are not considered. Judgment reversed, with costs. Cause remanded for entry of judgment for defendant.

Nelson Sharpe, C. J., and North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.