WILLIAM FARNSWORTH v. WALTER H. COOTS.

*Suretyship—Alteration of obligation—Special questions.*

A surety only engages to make good a deficiency; and an arrangement between his principal and the creditor, without his privity, whereby the principal is not to be sued by the creditor, is a substantial alteration of the contract of suretyship to the surety's prejudice.

In an action brought by the obligee in an indemnity bond against the surety, there was evidence tending to show that the principal and the obligee had agreed, without the surety's knowledge, that the principal should not be sued on the bond, but that suit should be brought, in the interest of the principal, against the surety. The defendant offered for submission to the jury special questions as to whether the suit was not brought for the benefit of the principal, and not for that of the obligee, and whether a check given by the principal to the obligee's attorney, but not used, had not been given on the understanding that the principal should not be sued on the bond. The court refused to submit the questions and did not cover them in his charge. *Held,* that the refusal was erroneous.

Error to Wayne. Submitted Apr. 14. Decided Apr. 27.

DEBT on bond. Defendant brings error. Reversed.

*Stewart & Galloway* for plaintiff in error. A surety can rest on the terms of his contract, and any change in them, without his consent, even though it be for his benefit, discharges him: *Bethune v. Dozier* 10 Ga. 235; *Taylor v. Johnson* 17 Ga. 521; *Miller v. Stewart* 9 Wheat. 680: 4 Wash. 26; *United States v. Tillotson* 1 Paine 305; *United States v. Hillegas* 3 Wash. 70; *St. Alban's Bank v. Dillon* 30 Vt. 122; *Locke v. McVean* 33 Mich. 473; *Todd v. Greenwood School District* 40 Mich. 294; so do any dealings between the principal debtor and the creditor which might enlarge the surety's liability: *Mayhew v. Boyd* 5

Md. 102; if the principal is released, no matter by whom, the surety is discharged: *Blackburn v. Beall* 21 Md. 208; so, if the principal is released secretly: *Greenlee v. Lowing* 35 Mich. 63.

*Griffin, Dickinson, Thurber & Hosmer* for defendant in error.

GRAVES, J.   Mr. Coots as sheriff held an execution in favor of Don M. Dickinson and Levi T. Griffin and against Henry Williams, and it being deemed expedient by the judgment creditors that certain goods in the hands of one Coomer should be seized they gave Mr. Coots their bond of indemnity, in which the plaintiff in error and one Cohen were joined as sureties.   Mr. Coots collected the execution out of the goods and paid the amount to Griffin & Dickinson.   But Coomer sued him for the property so taken and eventually recovered.   An execution being issued to the coroner Mr. Coots employed Mr. Conely to take the necessary steps for his protection and the latter immediately called on Mr. Griffin and required that he should provide the proper indemnity as contemplated by the bond.   An arrangement satisfactory to Messrs. Griffin & Dickinson, the principals in the bond, and to Mr. Coots, the obligee, was then effected.   Mr. Farnsworth, the surety, had no knowledge of it.   Mr. Coots paid the execution in favor of Coomer, and his attorney Mr. Conely commenced this action against Farnsworth alone on the bond.   The court gave judgment for Coots and Farnsworth brought error.

The chief questions may be traced to the arrangement just mentioned.   There are intimations that the actual relations between Messrs. Griffin & Dickinson and Farnsworth were otherwise than as stated in the bond, and that in substance the latter was principal whilst their position was rather that of sureties.   But no such suggestions can be regarded.   There can be no construction of the case which does not admit that Messrs. Griffin & Dickinson were principals in the bond and Farnsworth a surety.

By the arrangement Messrs. Griffin & Dickinson made

their check for the indemnity and gave it to Coots' attorney, Mr. Conely, and he immediately commenced this suit in Coots' name against Farnsworth, their surety, for the same amount. The understanding was that this action in Coots' name should be instituted and carried on to enforce collection if practicable of the amount in question from Farnsworth, and that Conely should keep the check and dispose of it finally as the event of the attempt to force collection from the surety should render necessary. If the money should be drawn from him the check would not be needed, and could be restored or replaced. But in case of failure it would be available.

There was evidence for the jury to consider, that the arrangement excluded the bringing of an action against Messrs. Griffin & Dickinson, the principals, and went so far also as to provide that the proceedings should be in their interest. It is not intended to say that there was testimony of express statements of these facts. What is meant is that the details given, together with the reasonable inferences, afforded the evidence which might properly be considered.

In view of this testimony and of the conceded facts as to the nature of the arrangement mentioned, Farnsworth's counsel offered for submission the following two special questions: "*Third*, Is not this suit brought for Griffin & Dickinson's benefit, and not for that of Coots? *Fifth*, Was not this check received with the understanding that Griffin & Dickinson should not be sued on the bond?" The judge refused to leave them to the jury.

As the general charge did not present these points, was it error to decline them? We think it was. Had the jury answered them in the affirmative the court could not properly have given judgment for Coots. It would then have appeared that through agreement between the creditor and the principals, of which the defendant surety had no knowledge, the former had debarred himself from proceeding against the principals; that as against the parties subject to the primary duty to make payment, and on whom it rested to protect and indemnify the defendant, as the plaintiff was

aware, the obligation had been rendered practically non-enforceable.

It would be difficult to find a more striking instance of a bargain between the principal and creditor for an advantage on behalf of the former than would have been presented. It is needless to trace out the ways in which such a transaction would be obnoxious to the law of suretyship. A "surety engages only to make good the deficiency," and an arrangement between his principals and the creditor without his privity whereby they are no longer suable by the creditor on the contract is a substantial change of the transaction and a prejudicial alteration of its incidents. It becomes unnecessary to refer to other questions.

The judgment should be reversed with costs and a new trial granted.

The other Justices concurred.