WALTER H. COOTS v. WILLIAM FARNSWORTH.

*Bond—Discharge of principal by payment or satisfaction of debt releases sure-*
*ties—Evidence of such payment or satisfaction, admissible in suit on bond*
*against surety alone—And that such suit is being prosecuted in the inter-*
*est of the principal—In such suit, where declaration is against surety as*
*such—Plaintiff cannot show on rebuttal that surety was in fact the real*
*principal and party in interest— Without amending his declaration so as*
*to cover such alleged change—Parol evidence—Inadmissible, in any case,*
*to change the relative character of parties to a bond.*

61   497
62   479
61   497
103  515
61   497
119  363

1. In a suit by a sheriff on an indemnity bond against a surety *alone,* the
defendant offered to show that his principals had paid the plaintiff
the amount due him on the obligation, and arranged with him not to
join them as co-defendants in said suit, but to prosecute same against
the defendant to reimburse them for the money thus paid.

   *Held,* that the evidence was admissible as tending to sustain the
claim of defendant that, the principals being discharged by such
agreement and payment, the defendant was also released from liabil-
ity on the bond.

2. Where the obligee in a suit on an indemnity bond declares in the usual
form against a surety, without in any way averring that he is sued
in any other capacity than as such surety, it is not competent in any
case for the plaintiff, on rebuttal, to shift his claim and, without
amending his declaration, show that the defendant was really the
principal and party in interest in the transaction and bond.

3. *Parol* evidence is inadmissible, in *any* case, to change the relative
character of the parties to a bond; so *held* in a suit where it was
sought to be shown that the principals named therein really signed as
sureties.

4. The rule that *parol* evidence cannot be given to contradict or vary the
terms of a *written* instrument should be rigidly enforced in the case
of *bonds,* if at all.

Error to Wayne. (Speed, J.) Argued April 28, 1886.
Decided June 10, 1886.

Debt on bond. Defendant brings error. Reversed. The
facts are stated in the opinion.

*Stewart & Galloway,* for appellant:

A surety on a bond has a right to stand on the very terms

of the contract: *Bethune v. Dozier*, 10 Ga. 235; *People v. Chalmers*, 60 N. Y. 154; *Kingsbury v. Westfall*, 61 Id. 356; *Miller v. Stewart*, 9 Wheat. 680; *Chase v. McDonald*, 7 Harris & J. (Md.) 160; *U. S. v. Tillotson*, 1 Paine (U. S. Ct.) 305; *Law v. East India Co.*, 4 Vesey, 824; *U. S. v. Hillegas*, 3 Wash. (U. S. Ct.) 70; *Lang v. Pike*, 27 Ohio St. 498; *St. Albans Bank v. Dillon*, 30 Vt. 122; *Locke v. Mc-Vean*, 33 Mich. 473; *Todd v. Greenwood School District*, 40 Id. 294.

If the principal debtor is discharged, the sureties are also released, and it is immaterial by whom the debt is discharged: *Blackburn v. Beall*, 21 Md. 208.

*Griffin & Dickinson*, for plaintiff:

That evidence is admissible, in a suit on a written instrument, to show the *real* relation between the parties, is sustained by reason and authority: *Carpenter v. King*, 9 Metc. 511; *Baker v. Briggs*, 8 Pick. 122; *Harris v. Brooks*, 21 Id. 195; *Barry v. Ransom*, 12 N. Y. 462; *Hubbard v. Gurney*, 64 Id. 467; *Bank v. Coleman*, 20 Ala. 140–4; *Chapman v. Callis*, 2 Foster & Fin. (N. P.) 161; *Craythorne v. Swinburne*, 14 Vesey, Jr., 160; *Ingersoll v. Truebody*, 40 Cal. 603; *Apgar's Adm'r v. Hiler*, 24 N. J. Law, 812; *Mansfield v. Edwards*, 136 Mass. 15, and cases cited.

Morse, J. The plaintiff sued the defendant upon a joint and several bond given to the plaintiff as sheriff of Wayne county.

The bond upon its face purported to be executed by Don M. Dickinson and Levi T. Griffin as principals, and Moses Cohen and the defendant as sureties. It was an indemnity bond, and its condition provided that said Dickinson and Griffin should save and keep the plaintiff harmless and indemnify him against damages and costs that might arise from the levy and sale of property under an execution in his hands upon a judgment in favor of said Dickinson and Griffin, and against one Henry Williams.

The declaration was in the common form upon this bond, and containing no reason or excuse for not bringing suit against the principals named therein, and did not allege, aver, or intimate in any way that the defendant, Farnsworth, sus-

tained any other relation upon said bond than that of a surety as appeared by its terms.

The defendant pleaded the general issue, and gave notice thereunder that he had been released from said bond by the payment and discharge of the liability to the plaintiff upon it by some or all of his joint obligors.

The plaintiff, to maintain his action in the court below, introduced the bond, and a judgment against the plaintiff in favor of one Coomer, growing out of and occasioned by his levy under the execution mentioned in the bond. He also showed, by the attorney of Coomer, a payment of this judgment; but the attorney, on cross-examination, said he did not know whether Coots or Griffin paid the money, but it was paid for Coots.

Mr. Griffin there testified that defendant, Farnsworth, had notice to defend the suit of Coomer against Coots, and thereupon the plaintiff rested his case. The defendant then read, by consent, the testimony of E. F. Conely and Levi T. Griffin from the record of this case when it was before the Supreme Court (the case is found reported in 46 Mich. 117), as it purported to be given on the first trial in the circuit, from which it appeared, in substance, that before this action was brought Conely, as attorney for Coots, received from Griffin a check for the full amount of Coomer's claim under the judgment against Coots, which check was deposited in the firm account of Maybury & Conely, and paid in the ordinary course of exchange. It appeared from this testimony that Griffin objected to its being considered an absolute payment, and the arrangement was made that it should be understood as further security and indemnity to Coots, and Coots was to go on and prosecute Farnsworth on the bond, or allow Dickinson and Griffin to do so in his name.

Conely testified that there was no arrangement made as to the returning of the money to Griffin, or as to what was to be done with the judgment against Farnsworth if one was recovered, and that Mr. Coots never received the money paid by Griffin; but he did not state what use was made of it, if any. In Mr. Griffin's testimony, as read, he claimed that the

check was to be held in the possession and under the control of Conely; that he stated to Conely that the sheriff (Coots) should be put to no expense in the present suit. "The sheriff was entitled to his money from us as well as from the sureties, Farnsworth and Cohen." He obtained one-third of the money paid Conely from the co-surety, Cohen, and did not claim that the check was to be returned to them. When the payment was made, the bond was handed over to Dickinson and Griffin, who asked Conely to take it, and, as the attorney of Coots, proceed against Farnsworth.

The defendant then further offered to show orally by E. F. Conely that, when he received the check from Griffin, Coots was owing him a much larger amount than the check, and that he was not to pay the same to Coots, but to give him credit therefor on account, which he did. This was objected to as immaterial and incompetent, and rejected by the court.

The evidence should have been admitted. The defendant was entitled to the whole transaction and doings in reference to this money paid by Griffin and Dickinson to Conely for Coots' benefit.

The purport of this testimony was in the direction of sustaining the defense, which was that the principals in the bond, Griffin and Dickinson, had made an arrangement with Coots that they should not be sued, and had paid him, and were using this suit in his name to reimburse themselves for the amount so paid; and that, the principals being so discharged, the defendant, being their surety, was also discharged.

After the defendant had read the testimony of Griffin and Conely he rested his case. Thereupon the plaintiff proposed to show, and was allowed to introduce evidence, against defendant's objection, tending to show, that in reality the defendant was the principal upon the bond, and Griffin and Dickinson sureties.

That the inception of the bond was as follows: Griffin and Dickinson received an account from New York to collect against defendant, Farnsworth. They also had an account of their own against him. Farnsworth turned over

to them an account against the Henry Williams mentioned in the bond. The understanding was that Griffin and Dickinson should sue this account in their names, but for the benefit of Farnsworth, and the proceeds of the account, if collected, were to be applied in payment of his indebtedness to them and the New York creditor. Griffin and Dickinson commenced suit against Williams, and levied upon property supposed to belong to him. But Williams had made an assignment of his property for the benefit of creditors to Coomer, who brought suit against the sheriff, Coots, and recovered judgment against him. When the sheriff was sued by Coomer, he required a bond of indemnity, and the bond in suit was given.

That the suit in which this bond was given was for the use and benefit of Farnsworth, and that Griffin and Dickinson had no interest in it except as attorneys. When the suit was decided against the sheriff, Mr. Griffin testified that he told Farnsworth he must settle the judgment, and he promised to do so, but failed to keep his word; that Coots never saw Farnsworth personally, but all the arrangements about the giving of the bond and the payment of the judgment were made by Griffin and Dickinson.

After the admission of this evidence in rebuttal of defendant's claim that he was released, the circuit judge instructed the jury substantially that if they found defendant, Farnsworth, to be the real principal upon the bond; if he was the real party to pay as between Griffin and Dickinson and himself; and if what was done was done in his interest in this matter, to give him time or enable him to turn himself,— then the defense set up was of no consequence; that if they found the whole matter was carried on in Farnsworth's interest and for his benefit, their verdict should be for the plaintiff. The jury found for the plaintiff in the sum of $566.33.

The defendant submitted several requests, which were refused. He claimed:

1. Under the pleadings and proofs, the verdict should be directed in his favor.

2. That under no circumstances could the defendant be held as a principal upon the bond, and that if the jury found the principals, Griffin and Dickinson, released by an arrangement with plaintiff, then the defendant was entitled to a verdict in his favor.

The chief question to be determined here, then, is whether, under the pleadings, and with the bond as it appears upon its face, evidence was admissible to show that Farnsworth was really the principal upon the bond.

We are cited to numerous authorities, upon the part of plaintiff, to support the proposition enunciated by the court below, that, as between Griffin and Dickinson and the defendant, Farnsworth, it was competent to show the actual relation of the parties to the bond, and that the nominal character of the execution of the same was really reversed, and that Griffin and Dickinson were the real sureties, and Farnsworth the real principal, for whose benefit the bond was made ; and it is argued that, the facts showing the bond unpaid, he is liable, and can be sued as principal.

A difficulty, however, presents itself at the outset of this claim.    The declaration against the defendant upon the bond was against him in his nominal relation thereto as surety ; and when the plaintiff rested his case by showing the obligation to plaintiff, and introducing the bond, there was not the slightest intimation that defendant was being sued in any other capacity than that shown in the bond itself.

When the defendant had closed his defense, it was not competent, in our opinion, for the plaintiff to shift his claim, without amending his declaration, and introduce evidence to show a different relation of defendant to the bond than that established in his primary case.

But we are not disposed to stop here.    We do not think that parol evidence is admissible to change the character of this bond, or the relation of its signers.    It would open the door to a conflict in every case between the principals and the sureties, or between the obligee and certain of the obligors whom he might wish to hold, while disposed to release

others, that could only be decided upon the uncertainties and unreliability of oral testimony. The temptations to and the probabilities of perjury would be largely increased in litigation, and no good or useful purpose would be served to offset the difficulties and the wrongs that would arise under a rule allowing the imperfect memory of biased witnesses to overturn the solemn contract, in writing and under seal, of the parties at the time the obligation was entered into. There can never be any necessity for the real principal to sign as surety, or the real surety as principal; and the safer and better method, in the matter of bonds, where the recital of the obligation of each signer is contained in the body of the instrument, is to hold the obligors, and each of them, to the full measure of the liability each has therein solemnly assumed, and to allow no change in such liability upon the faith of oral testimony, subject as it is to all the imperfections and the faults that human nature is heir to.

The rule that parol proof cannot be given to contradict or vary the terms of a written instrument should be rigidly enforced in the case of bonds, if at all. In most cases, bonds are executed by the sureties as a matter of friendship or accommodation; and to authorize the principals therein, after liability has accrued, to turn upon their benefactors, and attempt to show by parol that the main obligation is not as "written in the bond," would open the way to rank injustice, and lead to perjuries and other ills innumerable.

We can find no authority for the admission of such testimony. The cases to which we are referred by the counsel for plaintiff do not touch the case at bar. The authorities cited are all in relation to promissory notes, and the true reason for the holding, in such cases, is admirably set forth in the opinion of Chief Justice Church in *Hubbard v. Gurney*, 64 N. Y. 463, cited in plaintiff's brief:

" When it is conceded that they were equally available in a court of law, it is difficult to find a reason for excluding the same evidence at law if it is admitted in equity. However this may be, and without invoking any equitable rule, a conclusive answer to the objection to the evidence in any

court, in my opinion, is that it does not tend to alter or vary either the terms or legal effect of the written instrument. The contract was in all respects the same whether defendant was principal or surety. In either case it was an absolute promise to pay one thousand dollars one day after date,— nothing more, nothing less.   *   *   *   The fact is collateral to the contract, proving simply the relation of the parties. This is an extrinsic circumstance, not affecting the contract made; but it operates, when knowledge of it is brought home to the creditor, to prevent him from changing the contract, or making a different one with the principal debtor, without the consent of the surety, or from realizing any security held for the payment of the debt.   *   *   *   The fact proved by extrinsic evidence, and that the creditor had knowledge of it, is as potent as if added to the name of the surety; and it is potent, not in varying the contract, but in imposing certain duties and obligations upon the creditor in his subsequent dealings with the principal debtor in respect to the contract. These views appear to me to be palpably correct upon general principles, and they are sustained by a decided weight of authority, and, if the distinction between the different courts is ignored, as I think it should be, by a uniform current of authority."

In the case of a bond the fact as to what relation the signers bear thereto is not collateral to the contract, but is clearly and unequivocally expressed upon its face and in the body of the instrument. To change that relation by oral evidence changes the terms and legal effect of the instrument itself. This cannot be done, even in the case of a promissory note. *Derry Bank v. Baldwin,* 41 N. H. 434; *Heath v. Derry Bank,* 44 Id. 174. As was said when this case was here before:

" There can be no construction of the case which does not admit that Messrs. Griffin and Dickinson were principals in the bond, and Farnsworth a surety."

The judgment of the court below is reversed, and a new trial granted, with costs of this Court to defendant.

The other Justices concurred.