GRINDLING *v.* REHYL.

<div style="float:right;border:1px solid;">149  641<br>f150  632</div>

SPECIFIC PERFORMANCE—PAROL CONTRACT TO DEVISE—PART PERFORMANCE—STATUTE OF FRAUDS—PART PAYMENT.
  Specific performance of a parol contract to devise land will not be granted, though a will was executed in pursuance of the contract and has been denied probate on the ground of implied revocation by marriage and birth of issue, where complainant has done nothing by way of performance except to pay the agreed consideration.

Appeal from Livingston; Miner, J.    Submitted June 17, 1907.    (Docket No. 104.)    Decided October 4, 1907.

Bill by Edith Durfee Grindling against Richard Rehyl, administrator of the estate of Anna B. Risch, deceased,

and Charles Risch, individually, and as guardian ad litem of Anna E. Risch, for the specific performance of a parol contract. From a decree sustaining a demurrer to the bill, complainant appeals. Affirmed.

*Shields & Shields*, for complainant.

*Louis E. Howlett*, for defendants.

MONTGOMERY, J. This bill is filed for the specific performance of a parol contract. The bill avers that complainant, who was formerly Edith Durfee, and Anna B. Durfee, decedent, were sisters; that decedent was the owner of the described forty acres of land and of three-eighths of an adjoining forty, subject to the life estate in the father and mother of the parties; that decedent, Anna B. Durfee, was living at home on these premises with the father and mother, caring for the parents, and that it was agreed that decedent should take this care of the parents, and that complainant should provide for the care and maintenance of said decedent and should furnish money to Anna B. Durfee with which to buy food, provisions, and clothing, and pay the running expenses of the household, and that complainant when not teaching should make her home with said decedent and their parents, as aforesaid, and in consideration of the services performed by complainant, and in consideration of the money furnished to said Anna B. Risch, then Durfee, by complainant, and to be furnished to her, said Anna B. Durfee did then and there promise and agree that at her death she, the said Anna B. Risch, then Durfee, would leave all her property of whatever nature, whether real, personal, or mixed, to complainant.

The bill further avers that from that time until the death of said Anna B. Risch complainant furnished large sums of money, including her total income and the food, clothing, and provisions and everything requisite to keep said Anna B. Risch, then Durfee, in comfortable circumstances, including living expenses, clothing, spending

money, and the usual pleasures of ladies in her circumstances of life; and that said complainant did furnish the sum of $200 per year from the time of said agreement up until the death of said Anna B. Risch, and during all that time said Anna B. Risch, then Durfee, lived at home under the contract and agreement so made as aforesaid; that complainant relied upon said contract and agreement so made with Anna B. Risch, then Durfee, and in pursuance of said contract said Anna B. Risch, then Durfee, did on the 27th day of March, 1902, execute a will leaving to complainant all of her property, etc. The bill avers that the will was refused probate on the ground that it had been impliedly revoked by law because of the marriage of said Anna B. Risch and the birth of issue to her. The bill prays that the title to the land be decreed to be in complainant. A demurrer to this bill was sustained, and complainant brings the case here for review.

It will be noted that no possession of the premises in question was given to complainant under the verbal agreement alleged, nor is there anything in the bill showing that any improvements were placed upon the premises involved in this suit. All that the bill avers is that the complainant has parted with money under this verbal agreement; in other words, that the consideration price for the contract has been paid. It is generally held that the mere payment of a consideration by the purchaser which is susceptible of being compensated by damages is not sufficient to take a case out of the statute of frauds. *Farnsworth* v. *Coots,* 46 Mich. 117; *Kelly* v. *Kelly,* 54 Mich. 30. One reason why the taking of possession of land and making improvements upon it is held to be such part performance as takes the case out of the statute is that the possession is of itself some evidence of ownership. *Riddell* v. *Riddell* (Neb.), 97 N. W. 609; *Kelsey* v. *McDonald,* 76 Mich. 188.

We are cited to the case of *De Moss* v. *Robinson,* 46 Mich., at p. 65. The citation is to the dissenting opinion; the majority opinion of the court is found at page 62. In

the majority opinion it was held that an oral agreement to devise property is revocable during the testator's lifetime and is not itself valid if it covers real estate, and that one who pays money on such an agreement may recover it back either by himself or by his personal representative. So in *Gould* v. *Mansfield*, 103 Mass. 408, it was held that the making of a will by the complainant under an oral agreement to make mutual wills was not such performance as to take the case out of the statute. The court said:

"Such an instrument is ambulatory and might have been revoked by various acts or by implication of law from subsequent changes in the condition or circumstances of the testator."

We are cited also to the case of *Carmichael* v. *Carmichael*, 72 Mich. 76–85, which is said to be a parallel case. In that case Charles Carmichael and his wife, Ann, agreed to make mutual wills which should not be revoked during the life of either. This promise was in part an oral one. Charles, Sr., died so that his will was not revoked and took effect. After his death Ann Carmichael in form conveyed the lands in question to two other defendants. This was done at a time when she was mentally incompetent, so that she had never revoked her will when the bill was filed, and as the court said was incompetent to do so. The husband had not revoked his will prior to his death. The court found in that case that the performance of the contract on the part of Charles was sufficient to take the case out of the statute of frauds. That case differed from this in that there was no way in which Charles could be placed in statu quo. The provision which by his will he had sought to make for his children would fail unless the contract with his wife were specifically enforced, and the court held that these beneficiaries had such an interest in the will as entitled them to have the fraudulent overreaching of Ann Carmichael set aside and permit the two wills to stand. In the pres-

ent case complainant, if the averments of the bill be true, can be fully compensated in damages. We think the demurrer was properly sustained. *Peckham* v. *Balch*, 49 Mich. 179.

The decree will be affirmed, with costs.

BLAIR OSTRANDER, HOOKER, and MOORE, JJ., concurred.