WEILAND *v.* STIELAU.

1. FRAUDS, STATUTE OF—PARTIAL PERFORMANCE.

In a suit against the administrator of the wife's estate for the specific performance of an oral agreement whereby plaintiff agreed with his wife that he would furnish the money for repairing and remodeling her house in consideration of her putting the title thereto in their joint names as tenants by the entireties, where the possession of plaintiff with his wife was referable to their domestic relationship rather than in reliance upon the agreement, which the wife refused to recognize, there was no such partial performance as to take it out of the statute of frauds, and a decree for plaintiff is reversed, on appeal.

2. SAME—ADEQUATE REMEDY AT LAW.

Where plaintiff made no improvements but they were made by the wife, and all that plaintiff did was to pay out money under a contract void under the statute of frauds, his remedy was not a suit for specific performance, but an action at law for damages.

Appeal from Wayne; Shepherd (Frank), J., presiding. Submitted October 6, 1922. (Docket No. 30.) Decided December 5, 1922.

Bill by Bernard Weiland against Mack B. Stielau, administrator *de bonis non* of the estate of Ottilie Weiland, deceased, and others for the specific performance of an oral contract. From a decree for plaintiff, defendants appeal. Reversed, and bill dismissed.

*Benjamin, Betzoldt & Bassett,* for plaintiff.

*William E. Henze,* for defendants.

McDONALD, J. The plaintiff files his bill for the specific performance of an oral agreement which he

---

The question of creation of tenancy by the entireties by conveyance, to one spouse only, of interest in property of which the other already owns the whole or a part, see note in 33 L. R. A. (N. S.) 166.

claims to have made with his wife, Ottilie Weiland, in June, 1912, in which he was to furnish money necessary for repairing and remodeling her house on Russell street, in the city of Detroit. In consideration therefor, she was to put the title in their joint names, creating an estate by the entirety. The plaintiff paid the consideration but the wife refused to make the conveyance. About the 25th of September, 1919, she deeded the property to Antonia Emanuela, in pursuance of a land contract made on the 22d day of September, 1917, the consideration for which was $5,200. The deed was made without the knowledge or consent of the plaintiff. He claims she concealed this transaction from him and to prevent him from getting any part of the proceeds, deposited the money in the Wayne County & Home Savings Bank in the joint names of herself, as Herminie Brecht, and Emilie Bacherl, her sister. Domestic trouble arose between the parties and a divorce case was brought by the plaintiff in the county of Washtenaw. On the hearing the circuit judge filed an opinion in which it is claimed he made a division of their property between them, but, before a decree was signed and entered, Ottilie Weiland died. At the time of her death, on the 2d of February, 1920, there was $3,682.80 remaining on deposit in the bank, in the joint names of Herminie Brecht, who was actually Ottilie Weiland, and her sister defendant, Emilie Bacherl, who claims the fund by right of survivorship. Before Ottilie Weiland died she made a will, and the administrator, defendant Mack B. Stielau, claims this fund as a part of the estate. Fred Wagner, a former husband, is a beneficiary under the will and is here made a party defendant. Before her death she withdrew $500 from the amount on deposit, and paid it to one Michael Wurmlinger, who is also made a party defendant. The plaintiff claims the fund as survivor under the

oral agreement of June, 1912. The defendants answering deny that the plaintiff furnished money for remodeling the house, or that there was any agreement between him and his wife that he should be given any interest in the property. On the hearing the circuit judge found that the oral agreement was made, as claimed by the plaintiff, that there was sufficient part performance to avoid the statute of frauds, that the plaintiff was entitled to specific performance, that the proceeds of the sale of the property belonged to him as survivor, and directed the bank to pay to him the $3,657.80, remaining on deposit. That the $500 paid to defendant Michael Wurmlinger was also a part of the proceeds of the sale, and that the $400 of it should be returned to the plaintiff.

We think the evidence supports the finding of the circuit judge that the oral agreement was made as plaintiff claims, and that he paid $1,800 for the repairs and remodeling of the house. The important question involved and relied on by defendants is that if the oral agreement was made by the parties, it was void under the statute of frauds and there was no such part performance as would take it out of the statute. The circuit judge based his conclusions as to part performance on possession, improvements and payment of the consideration.

The facts as to possession appear to be that the plaintiff was at first living with Ottilie Wagner on the premises as a boarder; that he married her in April, 1912; that after the marriage they continued to live at the same place until November, 1912, when they rented the property and moved to Ecorse. About two months after the marriage the oral agreement was made. His possession, if it can be said that he had any, did not constitute an act of part performance, because it was not taken under the oral agreement and in reliance on it, but was exclusively referable to the

domestic relationship of the parties. First he was a boarder, then the husband of the owner, and this relationship continued until the property was rented and the family moved to Ecorse. The character of the possession did not change after the oral contract was made. There is no evidence of any act or statement by the wife showing a recognition of plaintiff's interest in the property. On the contrary, she declined to acknowledge his claim and refused to make the conveyance.

Possession with his wife of the premises following the oral agreement together with a recognition by her of his joint interest would present a different situation. See *Murphy* v. *Stever*, 47 Mich. 522.

As to improvements, the plaintiff made none. They were made by the owner and he paid for them. That was his agreement. The bill states it as follows:

"That in June, 1912, about two months after the marriage between your plaintiff and said Odelia Weiland, an agreement was orally entered into by and between your plaintiff and his said wife at that time, to the effect and tenor that if this plaintiff would pay all the necessary bills for rebuilding and repairing said house on said lot, putting in new foundations, changing the same into a two-family flat, putting in modern plumbing, bathroom, gas, and painting the same, that the said Odelia Weiland would change the deed of said premises to an estate in the entirety, in the names of your plaintiff and said Odelia Weiland," etc.

The only witness who testified to a contract and to the improvements supported this allegation in the bill. The only thing that plaintiff did in part performance of the contract was to pay the consideration. For this he could have been compensated in an action for damages.

"The mere payment of consideration by the purchaser which is susceptible of being compensated by damages, is not sufficient to take the case out of the

statute." *Grindling* v. *Rehyl*, 149 Mich. 641 (15 L. R. A. [N. S.] 466).

"It is not payment alone that will take a case out of the statute, but this with possession and acts done as owner in reliance thereon, that cannot ordinarily be compensated in damages, which entitles a party to an enforcement of a verbal agreement relating to the sale of lands." *Peckham* v. *Balch*, 49 Mich. 179.

See, also, *Lamb* v. *Hinman*, 46 Mich. 116; *Kelsey* v. *McDonald*, 76 Mich. 188.

There are other facts and circumstances presented by the record which I think might materially affect plaintiff's right to relief in equity, but these it is not necessary to discuss. As I view the whole matter, it is simply a case where the plaintiff has paid out money under a void contract. He has not presented a case where specific performance is necessary to do full justice and prevent fraud.

"It has never been deemed proper to grant redress on a parol contract for a part performance capable of full pecuniary measurement. Generally there must have been a change of possession of the land in controversy, which is always regarded as involving considerations not easily estimated in damages. There are very few other cases where parties are placed in any such predicament as to require protection to save them from being defrauded.

"It is not the policy of courts of equity to enlarge the exceptions to the statute of frauds. Where parties see fit to neglect the means it provides for putting their agreements into a form which will prevent disputes, they must usually be content to trust to each other's promises, and not ask the courts to relieve them against the consequences of their own carelessness." *Webster* v. *Gray*, 37 Mich. 37.

The decree of the circuit court will be reversed. Costs will go to the defendants. A decree will be entered dismissing the plaintiff's bill.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.