INNIS *v.* MICHIGAN TRUST CO.

1. TRUSTS—EXPRESS TRUST MAY NOT BE INGRAFTED BY PAROL.
   Under 3 Comp. Laws 1915, § 11571, no express trust may be ingrafted by parol on a conveyance of land to a wife paid for by the husband.

2. SAME—HUSBAND AND WIFE—PRESUMPTIONS—GIFTS.
   Where a husband paid the consideration for a grant of land to his wife, the presumption is that a gift or advancement was intended and not a trust in favor of the donor, but the presumption is not conclusive, and the evidence may establish a trust.

¹Trusts, 39 Cyc. p. 46; ²Id., 39 Cyc. p. 136.

3. WILLS—WILL IS AMBULATORY.

A will is ambulatory, and does not partake of the essentials of a contract.

4. TRUSTS—WILLS—WRITING MAY CONSTITUTE TRUST ALTHOUGH INVALID AS WILL.

A will devising a wife's property to her husband, and reciting that the consideration was paid for by him, that she was not to dispose of it without his consent, and that title was taken in her name in consideration of her agreement to will it to him, is sufficient to constitute a declaration of trust although invalid 'as a will.

5. SAME—WRITING NEED NOT CONTAIN WORD "TRUST."

A writing creating a trust need not necessarily contain the words "trust" or "in trust;" no particular formality being required.

6. SAME—ELEMENTS OF WRITING CONSTITUTING TRUST.

For a declaration to establish an express trust, the writing must be signed by the party to be charged and must contain all of the three necessary elements—words sufficient to raise a trust, a definite subject, and an ascertained object.

7. SAME—DESCRIPTION OF TRUST PROPERTY.

Where a wife's writing creating a trust in favor of her husband described the trust property as "all my real property," and at the time she had only one piece of real estate, the description is sufficient.

Appeal from Kent; Brown (William B.), J. Submitted January 11, 1927. (Docket No. 58.) Decided April 1, 1927.

Bill by J. Harvey Innis against the Michigan Trust Company, executor of the last will of Lizzie G. Innis, deceased, and another to set aside a will, and to establish an interest in property. From a decree dismissing the bill, plaintiff appeals. Modified and affirmed.

*Irving H. Smith* and *Peter J. Danhof,* for plaintiff.

*Grant Sims,* for defendant Michigan Trust Co.

[3]Wills, 40 Cyc. pp. 1073, 1088; [4]Id., 40 Cyc. pp. 55, 1090; 35 A. L. R. 281; 26 R. C. L. 1197; 6 R. C. L. Supp. 1589; [5]Trusts, 39 Cyc. pp. 57, 58; L. R. A. 1917C, 568; 26 R. C. L. 1179, 1181; 4 R. C. L. Supp. 1700; 5 R. C. L. Supp. 1444; [6]Id., 39 Cyc. pp. 34, 45; [7]Id., 39 Cyc. p. 60.

CLARK, J.     Lizzie G. Innis and Dr. J. Harvey Innis. were married in 1879. In 1899 a grant of a parcel of land in Grand Rapids was made by third persons. to Mrs. Innis, and the consideration was paid by the. husband, Dr. Innis. A part of the consideration was. a mortgage on the property which the grantee assumed and which the husband later paid. Improvements were made on the property during later years. These also were paid for by the husband. During the time here in question this property was the home of Dr. and Mrs. Innis. In 1917 a grant of another parcel was made by a third person to Mrs. Innis and again the husband paid the consideration. It is contended that the first grant, at least, was so taken for the reason that Dr. Innis sought to avoid a suit at law, but the record refutes the contention.

In 1922 Mrs. Innis entered into a land contract to convey the latter parcel to third persons for a stated. consideration, part down, remainder in installments, some of which have been paid. Mrs. Innis made a. will in 1923 and a codicil in 1924. She made specific bequests to certain persons. She devised and bequeathed the residue to the Michigan Trust Company, in trust, chiefly to pay net income to her husband during his life, for use and benefit of himself and the: adopted daughter. It is unnecessary to state other provisions of the will. The husband did not know of the making of this will. Mrs. Innis died. The will was admitted to probate. The trust company was: appointed executor and trustee. The estate consisted. chiefly of the home property alleged to be worth about: $12,000, and the interest under the land contract, nearly $2,000, which property had been provided by plaintiff, who, through all the years, furnished, directly or indirectly, needed funds for the expenditures made in regard thereto. It does not appear that the hus—

band and wife, or either of them, owned other property, except personal effects.

Plaintiff, the husband, filed this bill alleging that the grants had been made to the wife under and because of a verbal agreement between them that she would make a will, and not revoke it, leaving him the property at her death. It further alleges that in consideration of his agreeing to pay the purchase price, the taxes, repairs, and improvements, she agreed at the time of taking the first grant to leave him the property by will, and that he has fully performed the agreement on his part, and that she failed of performance on her part. He prays restoration of the property. The Michigan Trust Company and the adopted daughter are the defendants. The daughter by her guardian *ad litem* sides with the father. The trust company defends.

Mrs. Innis did make a writing near the time the first grant was made to her. It was in the form of a will, signed by her and witnessed, but whether valid as a will or not does not appear. It was not found and not produced at the trial. When lost or destroyed is not shown. A witness read it about 1909. From his disconnected testimony the writing may be set up as follows:

"I devise and bequeath to my beloved husband all my real and personal property that I may be possessed of at my death * * * which was bought in my name and which he agrees to pay for. * * * This will is in consideration of an agreement drawn with my husband. * * * And I further agree not to dispose of it in any way without his written consent."

The trial court found against plaintiff on the facts, and dismissed the bill. He has appealed.

No claim of fraud is asserted. A theory of plaintiff is an oral contract to convey land with full performance on the part of plaintiff, sufficient in equity

to satisfy the statute of frauds.    But this is not here
tenable.    *Weiland* v. *Stielau,* 221 Mich. 40.

The case must be determined on the theory of trust.
Because of our statute, no express trust can be in-
grafted by parol on the conveyance to the wife.
*Shafter* v. *Huntington,* 53 Mich. 310.    See sections
11571, 11975, 3 Comp. Laws 1915.

In this transaction the presumption is that the hus-
band's paying the consideration for the grant to his
wife was intended as a gift or advancement and not
as a trust in favor of the donor.    *Waterman* v. *Seeley,*
28 Mich. 77; 35 A. L. R. 298, note.    The presumption
is not conclusive.    The evidence may establish a trust.
*John* v. *John,* 322 Ill. 236 (153 N. E. 363).    We agree
with the trial judge that the competent evidence fails
to show trust in respect to any of the property, but
we except the home, that parcel first granted to the
wife, and in that regard the pertinent inquiry is:
Was the writing, the lost or destroyed will, sufficient
to constitute a declaration of trust?    We recognize
that a will is ambulatory and not partaking of the
essentials of a contract.    *Fleming* v. *Fleming,* 202
Mich. 615.

The writing in question is not shown to have been
valid as a will.    Conceding it to have been invalid
as such, may language used in it over Mrs. Innis'
signature be treated as a declaration of trust?    It
may be the rule that a paper which is intended to
operate as a will and which is invalid as such cannot
be turned into a declaration of trust so as to operate
as a will.    *Long's Appeal,* 86 Pa. St. 196.    But see
Hill on Trustees, 61.    We quote from 1 Perry on
Trusts (6th Ed.), §§ 90, 91.

"Mr. Hill lays down the proposition, that if an in-
strument containing a declaration of trust by reason
of some informality cannot be supported as a will,
it may, nevertheless, if signed by the party, be a suf-

ficient evidence of the creation of the trust to take it out of the statute.   *   *   *

"There is one state of facts in which the above proposition of Mr. Hill may be good law.     If a testator in making his will should declare by way of recital that a certain parcel of land, or sum of money, was held by him upon trusts therein stated, and the will should be so informally executed that it could not be proved in a court of probate, still, if it was signed by him, it would seem to be as good proof of the trust as letters and other memoranda signed by the party and found after his death."

See *Hiss* v. *Hiss*, 228 Ill. 414 (81 N. E. 1056).     We need go no farther here than to approve the rule announced by Perry.     We quote from 39 Cyc. p. 54:

"The statute has also been held to be satisfied by a large variety of other writings, such as letters or correspondence, accounts, assignments, bonds, memoranda, notes and mortgages, wills, and written agreements, receipts, or other instruments executed by the trustee and declaring that he holds in trust."

See *Nolan* v. *Garrison*, 151 Mich. 138.     It is not necessary that the writing contain the word "trust" or the words "in trust."     No particular formality is required.     *Nolan* v. *Garrison, supra;* 1 Perry on Trusts (6th Ed.), § 82; *Whetsler* v. *Sprague*, 224 Ill. 461 (79 N. E. 667).

Relative to what is necessary to establish an express trust, we quote syllabus from *Snyder* v. *Snyder*, 280 Ill. 467 (117 N. E. 465):

"For a declaration to establish an express trust, the writing must be signed by the party to be charged and must contain all of the three necessary elements,— words sufficient to raise a trust, a definite subject, and an ascertained object."

Turning now to the writing, above quoted as a declaration of trust, it appears that Mrs. Innis held the title for her husband, that she was not to dispose of it without his consent, that she had taken title by

virtue of an agreement, and that the will was made in consideration of the agreement. The writing is sufficient to raise a trust. And clearly the husband was the *cestui que trust.* The subject of the trust, here important, was "all my real property." She had no other real estate at the time. The evidence shows the particular property bought in her name. We think the subject of the trust, when confined to this piece of real estate, the home property, the only property then bought in her name, the only real estate she then had, is sufficiently identified for the purpose of a declaration of trust. In *Nolan* v. *Garrison, supra,* the property was described: "Your property out Woodward avenue" held sufficient when it was shown that complainant had no other property on Woodward avenue. In *Sinclair* v. *Purdy,* 235 N. Y. 245 (139 N. E. 255), a letter claimed to be a declaration of trust spoke of "the houses," held, not inadequate as a memorandum, as "the houses were the only ones she ever owned and she left no other real estate."

Plaintiff will have decree for reconveyance of the home property conveyed to Lizzie G. Innis on or about April 2, 1899, with costs of both courts against the estate. So modified, the decree is affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.