SAXON *v.* HOWEY.

1. Joint Adventures—Trusts—Interest in Property—Accounting.

Party who, under written contract, advanced money to be used with other money in constructing building, and who was to have proportionate share of profits, has an interest in the property, and, where property has been rented, is entitled to accounting; writing being sufficient to evidence trust (3 Comp. Laws 1915, § 11571).

2. Contracts—Construction.

Agreement prepared by party who is attorney must be construed most strictly against him.

Appeal from Wayne; Smith (Guy E.), J., presiding.  Submitted June 13, 1929.  (Docket No. 3, Calendar No. 34,305.)  Decided July 8, 1929.

Bill by Ray E. Saxon, as assignee, against Stephen H. Howey for an accounting and declaration of in-

terest in real estate. From a decree for plaintiff, defendant appeals. Affirmed.

*Zirkalose & Smith,* for plaintiff.

*Harold F. Coyle,* for defendant.

FELLOWS, J. Milo Beardslee is a brother-in-law of defendant. They entered into the following agreement:

"Agreement made this 16th day of February, 1924, between Stephen H. Howey, of Detroit, of the one part and Milo Beardslee, of Detroit, of the other part. The said Milo Beardslee agrees to invest a sum of money in a building to be constructed by Stephen H. Howey, said Beardslee to receive for the use of said sum of money the share of the net profit that the amount invested bears to the total cost of house and lot, that is, if the cost of house and lot is $6,000.00 and said Beardslee invests the sum of $1,500.00, his profits will be one-quarter of the same, for instance if the net profit amounts to $2,000 in the land contract after sale of building, his profit in the contract would be $500 and after discount of said contract if the net cash profit amounts to $800 his profit would be $200.

"It is further agreed that after erection and sale of the first building said Beardslee may withdraw the sum invested with his share of the profit or withdraw his share of the profit only or leave the entire sum invested in further building construction, at his option.

"Witness the hands and seals of the said parties.

(Sgd.) "STEPHEN H. HOWEY,

(Sgd.) "MILO BEARDSLEE.

"Dated: Detroit, Michigan, February 16, 1924.

"Received from Milo Beardslee the sum of fifteen hundred ($1500.00) under the terms of above agreement.

(Sgd.) "STEPHEN H. HOWEY."

Elwin Beardslee is another brother-in-law, and he entered into a similar contract and advanced $1,000. Defendant mortgaged the property for $4,000 and erected a two-family flat found by the trial judge to have cost with the lot $7,500. None of these figures are disputed. From them it appears that defendant advanced $1,000. The property was not sold but seems to have been rented, and at profitable figures, most of the time. After several years, during which time the Beardslees received little consolation or money from their investment, they transferred their interest to plaintiff, who files this bill for an accounting, and, as a necessary incident thereto, a determination as to the title. Plaintiff contends that the contract by its terms or by proper construction gives him as assignee an interest in the adventure— in the property—while defendant insists that the contract is unambiguous, but, if open to construction, should result in the same holding, *i. e.*, that the transactions were but loans of money. The trial judge found the plaintiff had an interest in the property in proportion to the respective amounts advanced, and decreed an accounting. Defendant appeals.

While there is found in the agreement language tending to render it ambiguous, we are nevertheless impressed that whether we consider the instrument from its four corners alone or in view of the surrounding circumstances, and the construction placed upon it by the parties, the same result will be reached —an affirmance of the decree. In 33 C. J. p. 845, it is said:

"When the agreement provides that both or all the parties thereto shall contribute money to be used in the purchase of lands  *  *  *  the carrying on of

building operations, * * * the transaction, in the absence of some special provision of the contract, indicating that the parties intended to assume some other relation, has, almost invariably, been construed to be one of joint adventure so as to give each of the parties a share, not only in the profits of the venture, but also an interest in the property from which the profits are to be derived.''

In *Alderton* v. *Williams,* 139 Mich. 296, this court held (quoting from the syllabus):

''Where one party agreed to establish and conduct a business and the other agreed to furnish a certain amount of money to assist it and take a stipulated portion of the net profits until paid, the business is properly described as a joint enterprise, though the parties are not partners and the title to the mill and business remained with the first party.''

If we take the literal terms of the agreement, it will be noted that the money advanced was treated as ''invested,'' not as loaned, and there was no express promise on defendant's part to ever repay it. The agreement was prepared by defendant, who is an attorney, and must be construed most strictly against him. He testified on cross-examination:

''*Q.* You knew when you took this money you were a trustee?

''*A.* Absolutely; expected to make money for them.

''*Q.* You know that acting as a trustee you are held accountable for the utmost care of the money?

''*A.* Absolutely.

''*Q.* You know that you are expected to give a just and true account of what is done with the money?

''*A.* Yes, sir.''

This court has been most vigilant in sustaining the statute of uses and trusts (3 Comp. Laws 1915, § 11571), but where there is a writing in existence evidencing the trust, we have not required that all "t's" should be crossed or all "i's" dotted. *Innis* v. *Michigan Trust Co.*, 238 Mich. 282. In 39 Cyc. p. 53, it is held:

"Although strict in interpreting the statute of frauds to require some writing, the courts are liberal in their construction as to the kind of writing required, and hold that the statute is satisfied by any writing which sufficiently manifests the existence of the trust, and designates its terms with the certainty which is required in declarations of trust generally without regard to the statute of frauds."

The decree will be affirmed, and the case remanded for its execution. Plaintiff will have costs of this court.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD. POTTER, and SHARPE, JJ., concurred.