## STARKWEATHER *v.* BENTLEY.

1. FRAUDS, STATUTE OF—PAROL CONTRACT FOR SALE OF LAND—SPECIFIC PERFORMANCE.

Neither plaintiff, seeking specific performance of parol contract to sell land, alleging part performance and signing bill of complaint, nor defendants, admitting parol agreement, and, without raising question of statute of frauds, seeking foreclosure by cross-bill, are in position to urge statute of frauds on appeal.

2. SAME—PLEADINGS SUFFICIENT MEMORANDA.

Pleadings which set up terms of parol agreement for sale of land, and which are signed by parties, are sufficient memoranda to satisfy statute of frauds.

3. SPECIFIC PERFORMANCE—PAROL CONTRACT.

Vendee seeking specific performance of parol contract to sell land, who was in default, who did not tender payment in his bill, and who was unable to comply with conditions of trial court's offer of specific performance, is not entitled to specific performance on appeal.

4. SAME—REDEMPTION.

Where facts do not justify decree for specific performance, bill therefor may be treated as one to redeem and redemption permitted.

Appeal from Wayne; Barton (Joseph), J., presiding. Submitted June 5, 1929. (Docket No. 37, Calendar No. 33,968.) Decided July 8, 1929. Rehearing denied September 4, 1929.

Bill by Clifton C. Starkweather against Walter H. Bentley and another to restrain proceedings for possession of land before a circuit court commissioner and for specific performance of an oral contract of purchase. Defendants filed a cross-bill asking for

Pleadings, depositions, testimony or statements in court as constituting a sufficient writing within the statute of frauds, see annotation in 22 A. L. R. 735.

foreclosure of the contract. From a decree for defendants, plaintiff appeals. Modified and affirmed.

*David I. Hubar* (*Milton M. Maddin,* of counsel), for plaintiff.

*Walter F. Drollinger,* for defendants.

Plaintiff and his wife and defendants were close friends. Plaintiff was in the real estate business and Mr. Bentley was engaged in the printing business, but occasionally built houses for sale. He built a place salable for residential purposes but too high priced to rent. He and plaintiff admittedly entered into a parol agreement whereby plaintiff agreed to purchase and defendants agreed to sell the place for $32,500. Plaintiff moved in and occupied it for 20 months, paying on the purchase price during the period $7,775. There was a mortgage on the premises when the agreement was made and a second one put on during the period. In the view we take of the case, it will not be necessary to discuss these incumbrances further than to say that plaintiff is not chargeable with any sum arising from the giving of the second mortgage. Defendants instituted proceedings to recover possession before the circuit court commissioner.

Plaintiff filed this bill to restrain the proceedings before the commissioner and for specific performance, or, in the alternative, that he have personal decree, alleging acts of part performance of the contract. The bill was signed by plaintiff personally. Defendants in their answer admit the making of the oral agreement and their willingness to comply with the terms thereof, and by way of cross-bill seek its foreclosure for plaintiff's default; they do not seek

the benefit of the statute of frauds. The answer and cross-bill is signed by both defendants personally. While there is some dispute as to detail, the following language from plaintiff's brief states the situation:

"In two respects the prayer of the plaintiff and defendants correspond and that is that the court find a valid agreement of purchase and sale between the parties and determine the amount remaining payable to the defendants."

There was a hearing, and the trial judge reached the conclusion that plaintiff owed a certain sum and that he should pay it in four payments, one on entering the decree and the balance over a period fixed by him. It would appear that plaintiff could not make the first payment. What the parties must have treated as an interlocutory order was entered, as neither party appealed from it. It fixed the amount due on the contract over and above the mortgages and what had been paid, and the amount plaintiff had paid on the contract at $7,775, and permitted a further accounting as to whether either owed the other any money; it permitted defendants to take possession of the premises, which they did, the plaintiff having announced in open court that he could not make the first payment. The further hearing was had and the claims of the respective parties were balanced by a finding put into a formal decree that neither was obligated to the other in any sum.

FELLOWS, J. (*after stating the facts*). Plaintiff sets up the terms of the parol contract, alleged part performance on his part, and asked for specific performance of the same. He is hardly in position to raise the question of the statute of frauds. But be-

yond this, his bill of complaint was a writing signed by him. Defendants admitted the making of the parol agreement, and, without raising the question of the statute of frauds by their cross-bill, seek its foreclosure. They are hardly in position to here urge the statute of frauds. Quite likely had they admitted the making of the parol agreement, and in their answer claimed the benefit of the statute, they would have been permitted to make such defense. This they did not do, and, like plaintiff, they both signed their answer and cross-bill. Pleadings which set up the terms of the parol agreement and which are signed by the parties (some cases say when signed by their attorney), are sufficient memoranda to satisfy the statute. *Patton* v. *Chamberlain,* 44 Mich. 5; *Bridgman* v. *McIntyre,* 150 Mich. 78; *Brender* v. *Stratton,* 216 Mich. 166 (and note to this case 22 A. L. R. 735); *Innis* v. *Michigan Trust Co.,* 238 Mich. 282; *Jones* v. *Lloyd,* 117 Ill. 597 (7 N. E. 119); *Iverson* v. *Cirkel,* 56 Minn. 299 (57 N. W. 800); *Barrett* v. *McAllister,* 33 W. Va. 738 (11 S. E. 220). In the last-cited case, it was said:

"It is settled law that if the defendant admits the agreement, but relies on the statute as a defense in his pleadings, he can protect himself from a decree of specific performance, notwithstanding his admission of the agreement; but if he admits the agreement, but neither pleads the statute, nor relies on it in his answer, he is deemed to have renounced the benefit of it. Where the bill alleges an oral agreement, and the answer denies it generally, it can not be proven by oral evidence. Browne, St. Frauds, §§ 508, 510, 510a; *Woollam* v. *Hearn,* 2 Lead. Cas. Eq., 979; 2 Minor, Inst. 775. Treating the answer as a substantial admission of the agreement as laid in the bill, and the statute not having been pleaded

or relied on in the answer, the statute of frauds is not a defense.''

We are satisfied, as was the trial court, that plaintiff was in default in his payments; he did not tender payment in his bill, and when the court in effect offered him specific performance if he would pay down one-quarter of what he owed and the balance with reasonable promptness, he was unable to comply. He is not now entitled to specific performance. But even where the facts do not justify a decree for specific performance, the bill may be treated as one to redeem and redemption permitted. *Lozon* v. *McKay,* 203 Mich. 364; *Hubbell* v. *Ohler,* 213 Mich. 664. Defendants seem to have wanted the purchase price rather than the house back, and would doubtless have accepted payment at any time before or after suit was brought; they have not appealed. Possibly the requirement that plaintiff pay a little over $2,000 at once was more than he could comply with and should have been extended to give him a little more opportunity than he had. We think the ends of equity will be served by giving plaintiff another opportunity to redeem. He shall pay the amount found due on the contract by the trial judge in the original order with interest to the date of settlement of the decree, plus interest until paid, plus taxes paid by defendants, plus the amount paid by defendants to redecorate the house, less the rental value of the premises during the period defendants occupied the premises, these amounts to be fixed on settlement of the decree; such payments to be made as follows: one-quarter 30 days after this opinion is filed, and the balance in three equal payments, 60, 90, and 120 days after the filing of this opinion. Upon making these payments plaintiff will be restored to the pos-

session of the premises. On failure to make such payments on the dates fixed, he is foreclosed from any interest in the premises.

As so modified, the decree and order of the court below will be affirmed.

Defendants to have costs of the trial court. No costs to either party in this court.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.