McDONALD *v.* HOUSEMAN-SPITZLEY CORPORATION.

1. VENDOR AND PURCHASER—DEFAULT—FORFEITURE—EQUITABLE RELIEF.

In suit by vendee to restrain forfeiture of land contract, where it appears that vendor has failed to install improvements in subdivision provided for in contract, vendee is entitled to equitable relief notwithstanding service of notice of forfeiture by vendor.

2. Same—Tender of Balance Due—Discount—Interest.
Tender of balance due by vendee upon condition that vendor
guarantee in writing installment of improvements in accord-
ance with terms of contract, which was not accepted by vendor,
was sufficient to entitle vendee to discount under contract and
to stop further accumulation of interest on amount due.

3. Same—Accounting—Allowance for Cost of Improvements.
In accounting between vendee and vendor, allowance to vendee
of amount agreed on in open court as cost of installing side-
walks and pavement in accordance with contract, which vendor
had failed to install, *held*, just and equitable.

4. Same—Claim Not Made at Time of Tender Disallowed.
Where vendee, at time of tender of balance claimed to be due,
made no claim for cost of filling made necessary by settling
of earth used to level lot with sea wall, said item was properly
disallowed.

5. Same—Guaranteed Certificate of Title—Abstract of Title. ·
Where vendee accepted vendor's offer to furnish guaranty of
title by abstract company in lieu of abstract, the guaranty
took the place of the abstract, and compliance therewith was
sufficient.

Appeal from Wayne; Webster (Arthur), J.  Sub-
mitted April 11, 1930.  (Docket No. 75, Calendar
No. 34,922.)  Decided June 2, 1930.

Bill by Edith G. McDonald against Houseman-
Spitzley Corporation, a Michigan corporation, to
enjoin forfeiture of land contract.  From a decree
allowing certain deductions to plaintiff, both parties
appeal.  Affirmed.

·  *Edward A. Attix,* for plaintiff.

*William J. Palmer* (*Yerkes, Goddard, McClintock
& Shreve,* of counsel), for defendant.

Sharpe, J.  On February 2, 1926, the defendant,
·as vendor, entered into a land contract with the

plaintiff, as vendee, for the sale of a lot in the village of Grosse Pointe Park, in Wayne county. The vendor agreed therein to:

"(A) Install cement sidewalks. (B) Install water mains accessible for each and every lot. (C) Construct sanitary sewers, accessible for each and every lot. (D) Plant shade trees in front of each lot where same do not exist. (E) Pave all streets in said subdivision in accordance with specifications of the Village of Grosse Pointe Park. (F) Install or cause to be installed gas mains available for each and every lot. (G) Construct sea wall in front of lake lots.

"All of the above improvements to be completed on or about September 1, 1925."

Soon thereafter the plaintiff entered into possession of the premises, and has erected a dwelling thereon at a cost of upwards of $40,000. Claiming default on the part of the plaintiff in making the payments provided for in said contract, the defendant instituted proceedings before a circuit court commissioner to recover possession. Plaintiff thereupon filed the bill of complaint herein. In it she alleges that defendant has failed to install the cement sidewalks, to construct the pavements, to plant the shade trees, and to construct a suitable sanitary sewer accessible to said lot, as provided for in said contract.

She further alleges that on September 29, 1926, she offered to pay defendant the "full balance then owing on such contract upon the condition that the said defendant would guaranty, in writing, to install such improvements in accordance with the terms of such contract," or, in the alternative, pay such balance after allowance to her of the cost of such improvements; that the defendant then insisted that it had complied with the provisions of the contract

in that respect, and declined to accept either of her offers, and that such offer and a tender accompanying same has been several times renewed by her and refused by the defendant. It is further alleged that during the year 1926 the defendant removed a large quantity of earth from said premises without the consent of plaintiff; that, on defendant's attention being called to such removal, it agreed to replace the same, but failed to do so, and that, it being necessary for the proper grading of said lot, she replaced such earth at a cost to her of $4,095. In her prayer for relief, the plaintiff asks that the proceeding before the circuit court commissioner be restrained; that an account be taken of the amount due defendant under the contract, and that, upon payment thereof, the defendant be ordered to convey the lot to her.

In its answer the defendant admits that the paving was not done, as provided for in the contract, but alleges that this improvement has "been considered impracticable" and "has been indefinitely postponed by the municipal authorities of the village of Grosse Pointe Park because of the necessity for settling of filled-in ground."

The trial court found the amount due on the contract to be $18,524.40, but that plaintiff was entitled to a discount thereof of two per cent. upon exercise of an option to make payment in full; that plaintiff was also entitled to a deduction therefrom of the "cost of sidewalks and paving, as estimated and agreed upon in open court at $2,097.76," leaving a balance to be paid of $16,056.15, and decreed that, upon payment of this amount, defendant should execute and deliver to plaintiff a deed of conveyance, accompanied by a certificate of title, and further that upon payment of said amount to the clerk of the

court the decree should operate as a conveyance of the said premises in fee simple by said defendant to the plaintiff.

This decree was entered on May 9, 1929. The calendar entries disclose that defendant deposited a deed and title certificate with the clerk on May 18th; that on May 20th the plaintiff filed objections to the certificate of title filed. On May 21st further testimony was taken relative to the certificate of title, and that an order was made "on plaintiff's objections" thereto. Both parties have appealed.

Plaintiff's counsel insists that she should have been allowed $7,935 as the cost of replacing the earth removed from the lot by defendant, and that the certificate of title tendered by defendant was not one that complied with the terms of the contract.

Defendant's counsel contend that plaintiff did not fully comply with the provision in the contract for the allowance to her of a discount on making full payment; that the forfeiture notice, served before the proceedings for possession were taken, terminated plaintiff's rights under the contract. It also insists that the certificate of title furnished fully complied with the requirements of the contract.

In our opinion, the decree rendered was just and equitable. In her verified bill of complaint plaintiff averred that the cost of replacing the earth was $4,095. She now makes claim for $7,935 therefor. This earth was used in filling in the lot level with the sea wall. Defendant's employee in charge of the work testified that plaintiff's husband, who was acting for her, said to him that there was "enough dirt" on their lot; that he "put more dirt than he wanted" thereon. It is apparent that the necessity for more earth on plaintiff's lot was caused by the

settling of that used to level the lot with the sea wall. It also does not appear that plaintiff made any claim therefor when tendering the amount due and demanding a conveyance. The proof clearly sustains the allowance of the discount and the fact that a tender was made which stopped the further accumulation of interest on the amount then due.

Plaintiff was entitled to relief in equity notwithstanding the service of the notice of forfeiture. *Starkweather* v. *Bentley,* 247 Mich. 503, and cases cited.

Plaintiff's counsel is, we think, over-technical regarding the sufficiency of the certificate of title. The contract provided that the vendor will "furnish a complete abstract of title thereto, prepared and certified to by a reputable abstract company." The day after the contract was made, the defendant, after a conference with plaintiff's attorney over this provision, wrote plaintiff that "we will furnish to you, in lieu of abstract on this property, a guaranty of title furnished by the Burton Abstract & Title Company, and in the event of our not doing so we hereby authorize you to secure such guaranty of title, and we agree to credit the unpaid balance of your contract with the cost of such guaranty."

This proposition was accepted, so the guaranty policy took the place of the abstract.

The decree was entered on May 9, 1929. On May 21st, apparently under a provision therein reading as follows: "It is further ordered that either of the parties to this cause be at liberty to apply to this court as occasion may require," the sufficiency of the certificate of title furnished plaintiff by defendant was called in question before the court and considered by him. Two different certificates of the Burton Abstract & Title Company, in-

suring the title, were presented to the court. After much discussion, he said that plaintiff "must accept either one or the other. File them both. You can take your choice." It does not appear that any order was made by him in the matter. We might well say that no question relative to these certificates is before us for review, but, as the calendar entries show that on May 24th there was an "Order on plaintiff's objections to certificate of title and notice signed, filed, entered," in order to settle the matter we have examined the certificates and agree with the trial court that plaintiff's title is sufficiently protected thereby.

The decree is affirmed. Both parties having appealed, no costs will be allowed.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, North, and Fead, JJ., concurred.